RANKIN et al. v. LOWRANCE.

No. 14350.

Court of Civil Appeals of Texas. Fort Worth.

March 13, 1942.

Rehearing Denied April 10, 1942.

Sayles & Sayles, of Abilene, for plaintiffs in error.

W. Gail Walley Jr., of Jacksboro, for defendant in error.

BROWN, Justice.

J. R. Lowrance, defendant in error, here brought suit against the plaintiffs in error, Mrs. S. E. Rankin and her husband, E. W. Rankin, Mrs. Ida Stoddard, Mrs. Rankin's daughter, and William Stoddard, Jr., husband of Mrs. Ida Stoddard, in trespass to try title to recover certain lands in Jack County, described in the petition.

The cause was brought to the March term, 1941, of the District Court of Jack County, and being set for trial, a pleading was filed purporting to be made in behalf of all of the four above-named defendants, in which answer was made disclaiming as to all of the lands in controversy except a small strip duly described, and as to such strip the answer made claim for the defendants to title by adverse possession for more than ten years, and by way of cross-action the said defendants claimed title to such strip by reason of such adverse possession.

Trial being had before a jury, only one issue was submitted, viz.: Did the defendants have adverse possession of the land· in controversy for a period of ten years after May 29, 1924, and before the date the suit was filed on February 15,

1941? To which question the jury answered, "No".

Judgment was rendered on March 25, 1941.

The defendants filed an amended motion for a new trial on April 12, 1941, which was overruled on the same day, exception taken and notice of appeal given. This motion was filed by the same attorney who purported to act for all of the named four defendants in the trial of the case.

These same defendants made a supersedeas bond on appeal, which is dated May 1, 1941, but which was evidently not delivered to the District Clerk of Jack County until May 14, 1941, at which time the Clerk approved and filed the bond. This supersedeas bond was signed by each of the four above-named defendants.

The cause was lodged in this Court of Civil Appeals but it thus appearing that the appeal bond was filed too late and that this Court had no jurisdiction of the cause, the appellee moved for a dismissal of same, and on July 31, 1941, a mandate issued out of the Court of Civil Appeals to the District Court of Jack County, showing that the Court of Civil Appeals dismissed the appeal on June 27, 1941.

On July 21, 1941, a petition for a writ of error was filed by the four above-named defendants and a writ of error bond was filed to supersede the judgment of the trial court, naming J. R. Lowrence as defendant in error.

Lowrence moves to dismiss the appeal by writ of error because of the provisions of Art. 2249a, Vernon's Ann.Civ.St., Acts 1939, 46th Leg., p. 59, which denies a party who participates either in person or by his attorney in the actual trial of a case in the trial court from taking his case up by way of a writ of error.

The theory on which the case is presented to us by the plaintiffs in error, to sustain their right to come up under the writ of error statute, is: That Ida Stoddard is the wife of William Stoddard, Jr.; therefore, William Stoddard, Jr., is a necessary party to the suit; that he did not answer at the March term, 1941, of the court because an attorney advised him that he did not have to answer, because he had not been served with process in time to require his answer; that he did not know that the case was to be tried on March 24, 1941, and he did not know that judgment had been rendered against him until after the term of court at which the judgment was rendered had expired and he was requested to sign a supersedeas bond; that his wife had no authority to employ an attorney to represent him in the case and that he gave her no authority to employ one to represent her in the case.

Mrs. Stoddard asserts that she was present all through the trial of the case, but that she did not employ the attorney who tried the cause to represent her, and her husband did not authorize her, when she left Houston, Texas, to employ such attorney. She says that her mother, Mrs. Rankin, employed this attorney.

It is made certain by the record that Mr. Stoddard is only a party to the lawsuit because he is the husband of Mrs. Stoddard.

It is likewise made certain that Stoddard knew of the judgment against his wife and himself in ample time to have appealed the cause. He and his wife and the other defendants executed an appeal bond on May 1, 1941, and had until May 12, 1941, in which to file an appeal bond and perfect the appeal. The fact that the appeal bond was not presented to the District Clerk for approval and filing until May 14, 1941, two days too late to perfect the appeal, does not alter the situation, in our opinion.

Whatever interest that Stoddard has in the land in controversy is by reason of his being the husband of Mrs. Stoddard, who is one of the persons claiming the land by adverse possession.

Mrs. Stoddard was in the court room during the trial. She heard the pleadings read by the attorney who represented all of the defendants. Her interest was at stake and there was some duty devolving upon her to contact and advise her husband of what was going on and what happened. It is apparent that he only acted as a husband who is brought into the suit pro forma, and this court is not disposed to split hairs on the question of whether or not Mr. Stoddard and Mrs. Stoddard were represented in the trial court by attorneys of their choice.

In Hidalgo County Drainage District No. 1 et al. v. Magnolia Petroleum Co., Tex.Civ.App., 47 S.W.2d 875, 876, writ refused, where the citation was "probably technically insufficient", the court said: "* * but no objection was urged to it in the district court, and an answer was filed by an attorney for the district, although the citation was served on only

two of the three commissioners. The service of the citation on the county was possibly not technically correct, but an answer was filed for it by an attorney. The authority of the attorney to represent the county and the district was not assailed in the trial court, but for the first time in this court. As in any other case, the presumption of law is that the attorney appearing for a party is duly authorized, and such presumption will prevail until it has been conclusively shown that the attorney was not authorized to appear for the litigant. Any other presumption would be revolutionary and subversive of our system of trial procedure."

We are of opinion that the motion to dismiss is well taken.

View the picture as it is: A certain attorney files an answer and cross-action for the four defendants. Mrs. Stoddard is in the court room during the entire trial. Mr. Stoddard is "at home" in Houston, Harris County, Texas, obviously because this is a suit in which his wife's claim of title is involved. The defendants lose the case. This same attorney files a motion for a new trial and it is overruled. This same attorney prepares and all four of the defendants sign a supersedeas bond to perfect an appeal, and through the fault of some one the bond is not presented to, approved and filed by the Clerk of the trial court until two days too late to perfect the appeal.

The judgment of the court recites: "Came the parties in person and by their attorneys and announced ready for trial."

It cannot be successfully contended that the attorney referred to above was not representing Stoddard and Mrs. Stoddard in the preparation and execution of the appeal bond and the attempted appeal from the judgment. The same attorney filed the record in this court and when the appeal was dismissed because the appeal bond was filed too late, the same attorney filed a motion for these four defendants requesting that the transcript and statement of facts be withdrawn from this court and delivered to said parties who attempted to perfect the appeal.

With such a record before us, we will give no weight to the ex-parte affidavits of Stoddard and Mrs. Stoddard which attempt to show that the above-mentioned attorney did not in fact represent them in the trial court.

The appeal is dismissed.