## HALL WALKER ET AL V. CLARENCE A. CLEERE ET UX.

No. 8134. Decided November 10, 1943.
(174 S. W., 2d Series, 956.)

*Frank Sparks*, of Eastland, and *Woodruff & Holloway*, of Brownwood, for appellant.

*Callaway & Callaway*, of Brownwood, for appellees.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is a venue case. It is before this Court on certified question from the Court of Civil Appeals at Eastland. See 171 S. W. (2d) 151.

The trial court entered an interlocutory order overruling defendants' plea of privilege, from which ruling the defendants attempted to appeal. The record for such appeal was filed in the Court of Civil Appeals sixty-nine days after the date of the entry of the order overruling the plea of privilege, and twenty-eight days after the date of the order overruling the defendants' motion for new trial. No motion was ever filed seeking an extension of time in which to file the record in the appellate court. Appellees filed a motion to dismiss the appeal, but this motion was not filed until more than thirty days after the record had been filed in the Court of Civil Appeals. The Court of Civil Appeals has certified the following question to this Court.

"In an appeal from an interlocutory order of a district court overruling a plea of privilege, if the record is not filed in the Court of Civil Appeals within twenty days after rendition of such order and no motion in said appellate court is filed within such twenty day period, or within five days thereafter, showing good cause for granting a reasonable extension of time in which to file such record, as provided in Rule 385 (Texas Rules of Civil Procedure), and if the record is subsequently filed, will the right to object to the failure to file same, as provided by said rule, be waived unless the motion urging such objection be filed within thirty days after the filing of the transcript (record) in the Court of Civil Appeals (see Rules 404, 405)?"

Rule 385, regulating appeals from interlocutory orders, reads in part as follows:

"*Rule 385.* Appeals from Interlocutory Orders.

"Appeals from interlocutory orders (when allowed by law) may be taken by

"(a) Filing an appeal or supersedeas bond within twenty days after rendition of the order appealed from, conditioned as required by the rule governing appeals generally; and

"(b) Filing the record in the appellate court within twenty days after rendition of the order appealed from. Provided, that upon the filing of a motion in the appellate court within such twenty-day period, or within five days thereafter, showing good cause therefor, such court may grant a reasonable extension of time in which to file such record or any part thereof."

Rules 404 and 405, referred to in the question certified by the Court of Civil Appeals, read as follows:

"Rule 404. Motions Relating to Informalities in Record.

"All motions relating to informalities in the manner of bringing a case into court shall be filed and entered by the clerk on the motion docket within thirty days after the filing of the transcript in the Court of Civil Appeals, otherwise the objection shall be considered as waived, if it can be waived by the party."

"Rule 405. Motions to Dismiss for Want of Jurisdiction.

"Motions to dismiss for want of jurisdiction to try the case and for such defects as defeat the jurisdiction in the particular case cannot be waived shall also be made, filed and docketed at said time; provided, however, if made afterwards they may be entertained by the court upon such terms as the court may deem just and proper."

■ An order of court sustaining or overruling a plea of privilege prior to the trial of the main case on the merits is an interlocutory order within the meaning of Rule 385, quoted above, and an appeal from such an order is regulated by that rule. Magouirk v. Williams et al (Com. App.), 249 S. W. 185.

There are two reasons why we must hold that the timely filing of the record in the Court of Civil Appeals in an appeal from an interlocutory order is jurisdictional and cannot be waived.

■ In the first place, it will be noted that Rule 385 makes two requirements for the taking of an appeal from such an order,— towit, (a) filing a bond and (b) filing the record in the appellate court within the time therein specified. It is necessary that both of these steps be taken, and not merely one of them, in order to comply with the terms of the rule. It necessarily follows that where a statute or rule requires the taking of two steps in order to perfect an appeal, the taking of only one of them is insufficient. United Employees Cas. Co. v. Skinner et al (Civ. App.), 141 S. W. (2d) 955 (writ refused).

In the second place, it will be noted that Rule 385 regulates appeal from all interlocutory orders, including orders granting or refusing temporary injunctions. Prior to the adoption of the rules an appeal from an order granting or refusing a temporary injunction was regulated by Revised Statutes, Article 4662. That statute provided that "Any party to a civil suit wherein a temporary injunction may be granted or refused * * may appeal from such order or judgment to the Court of Civil Appeals by filing the transcript in such case with the clerk of said appellate

court not later than twenty days after the entry of record of such order or judgment." Previously the statute required the record to be filed within fifteen days. In construing that Article this Court said: "It follows from the provisions of the law above quoted that, in order to confer jurisdiction of the appeal upon the Court of Civil Appeals, the transcript must have been filed within fifteen days from the 11th day of July, 1907." (The date of the entry of the order appealed from.) Baumberger v. Allen, 101 Texas 352, 357, 107 S. W. 526. Following the above holding the Courts of Civil Appeals held in numerous cases, that in an appeal from the granting or refusing of a temporary injunction the filing of the record in the Court of Civil Appeals within the time fixed by the statute was jurisdictional. Dallas County Arcadia Fresh Water Supply Dist. No. 1 v. Pruitt (Civ. App.), 245 S. W. 85; Stephenson et al v. Black Bros. Co. et al. (Civ. App.), 265 S. W. 1119; Dodson v. Ingram et al (Civ. App,), 270 S. W. 575; Reeves v. Railroad Commission of Texas et al (Civ. App.), 75 S. W. (2d) 155; Harrell et al v. Tilley (Civ. App.), 111 S. W. (2d) 736; Texas Farm Products Co. v. Thompson et al (Civ. App.), 127 S. W. (2d) 492; Booth v. Amicable. Life Ins. Co. et al (Civ. App.), 143 S. W. (2d) 836.

■ When the rules were adopted Rule 385 took the place of Article 4662 in so far as it prescribed the procedure to be followed in perfecting an appeal from an interlocutory order in an injunction case, and the requirement that the record be filed in the Court of Civil Appeals within twenty days became a part of Rule 385 in substantially the same language as previously embodied in the statute. Presumably this requirement must be given the same effect as was given to it when it was a part of the statute. It would follow from this that the timely filing of the record in the Court of Civil Appeals in an appeal from an interlocutory order in an injunction case is still jurisdictional and cannot be waived. If this be true with reference to appeals from some interlocutory orders—such as injunction cases—it must necessarily be true in appeals from all interlocutory orders because the rule covers appeals from all such orders.

We hold that the filing of the record in the Court of Civil Appeals within the time fixed by Rule 385 is jurisdictional, and that compliance therewith was not waived by the failure to file a motion to dismiss or strike the record within thirty days after the filing thereof.

We answer the question certified by the Court of Civil Appeals in the negative.

Opinion delivered November 10, 1943.