## AUSTIN v. CONSOLIDATED CASTING CO.

No. 15319.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 1, 1952.

Lem Billingsley, of Fort Worth, for appellant.

Richard Owens, of Fort Worth, for appellee.

HALL, Chief Justice.

This appeal is from an order granting a temporary injunction by a district court of Tarrant County.

Appellant James J. Austin sued Superior Casting Company of Texas, Inc., and its many officers and directors, for unpaid rents due on a commercial building which he had rented to said company; to foreclose a landlord's lien upon an immense planer machine owned by appellee, and allowed to remain in said building; and for damages done to same, in the sum of $5,000, which he claims was caused by negligence of said defendants.

One of the defendants, William S. Lepper, filed an answer claiming title to the machine by his purchase and foreclosure of a subsisting lien. The Consolidated Casting Company, Inc., of California was granted leave to intervene.

Appellee's motion to dismiss this appeal, based upon the ground that appellant failed to file his brief within the time required by our rules governing such filings, is overruled. Appellant filed his brief three days before date of submission. We find that briefs are not a prerequisite to perfecting an appeal from an interlocutory order granting a temporary injunction. Hotel & Restaurant Employees' International Alliance & Bartenders' International League of America v. Longley, Tex.Civ. App., 160 S.W.2d 124; Rule 385, Texas Rules of Civil Procedure, Sec. (d), as amended.

According to appellant's pleadings, $2,000 was the amount of rent due him when the injunction was granted.

Among many findings of fact filed by the trial court, these are pertinent to this appeal:

"2. That for the issuance of a temporary injunction the intervener has title to the milling machine involved in this lawsuit.

"4. That such milling machine has a cash market value at the date of this hearing of from $12,000 to $14,000.

"6. That the intervener in open court offered to pay plaintiff the amount plaintiff sued for in this lawsuit, to-wit, $7,000, if plaintiff would then and there let intervener take possession of such machine, and plaintiff refused to accept such offer.

"9. That such milling machine could be greatly damaged by unskilled operators.

"10. That such milling machine is of great weight and size, and not readily movable.

"11. That the intervener, in February, 1951, requested the plaintiff to turn over to intervener the possession of such machine, and plaintiff refused to do so."

The only question before this court to determine is whether the trial court abused its discretion in granting the injunction, pending trial, restraining appellant from allowing use of the machine. We are not concerned here as to whether appellant has a landlord's lien against the machine; if he does, such lien would not authorize him to operate same.

We find the trial court did not abuse its discretion in granting the temporary writ under the above findings of fact. International Ass'n of Machinists Lodge 1488 v. Downtown Employees Ass'n, 204 S.W.2d 685; Izard v. Townsend, Tex.Civ.App., 208 S.W.2d 666; 24 Tex.Jur. pp. 120–123. Art. 4642, Sec. 2.

Judgment of the trial court is affirmed.