**Floyd F. TYDLACKA, Appellant,**

v.

**Sophia M. TYDLACKA, Appellee.**

No. 12844.

Court of Civil Appeals of Texas.

San Antonio.

March 23, 1955.

Paul D. Little, Corpus Christi, for appellant.

Joe P. Hatchitt, Corpus Christi, for appellee.

PER CURIAM.

Appellee, Sophia M. Tydlacka, has filed a motion to dismiss this appeal because the record was not filed in this Court within the sixty-day period required by Rule 386, T.R.C.P.

There seems to be no dispute as to the facts. Appellant's motion for a new trial was overruled by operation of law on November 19, 1954, and thus the last day for filing the record in this Court was January 18, 1955. The record was filed here on January 19, 1955, one day late, according to Rule 386, supra. The tran-

script contained an order purporting to overrule the motion for new trial on December 3, 1954, which no doubt misled the Clerk of this Court into filing the record. Appellee's motion to dismiss was filed on March 11, 1955, which was more than thirty days after the filing of the record, and thus appellee waived such matters with reference to the filing of the record as may properly be waived.

Rule 405, T.R.C.P., provides:

"Motions to dismiss for want of jurisdiction to try the case and for such defects as defeat the jurisdiction in the particular case and cannot be waived shall also be made, filed and docketed at said time; provided, however, if made afterwards they may be entertained by the court upon such terms as the court may deem just and proper."

It is well settled law in this State that the filing of the record within the time prescribed by Rule 386, or the filing of a motion for an enlargement of such time within the time allowed, is mandatory and jurisdictional, and where there is a failure to comply with these provisions, jurisdiction of the Court of Civil Appeals is defeated. Walker v. Cleere, 171 S.W.2d 151, certified question answered by the Supreme Court, 141 Tex. 550, 174 S.W.2d 956, 958. In that case Chief Justice Alexander, speaking for the Supreme Court, said:

"We hold that the filing of the record in the Court of Civil Appeals within the time fixed by Rule 385 is jurisdictional, and that compliance therewith was not waived by the failure to file a motion to dismiss or strike the record within thirty days after the filing thereof."

It is true that Rule 385, T.R.C.P., was there involved, but the same principle must necessarily apply to Rule 386, supra.

Appellant calls our attention to the fact that he placed the record in the U. S. Mail on the sixtieth day, but this does not help the situation. Rule No. 5, T.R.C.P.,

provides that where the United States Mail is used, the record must be placed therein at least one day before the last day of filing.

The motion will be granted and the attempted appeal dismissed.