**SEGUIN MILLING COMPANY, Appellant,**

v.

**REED GRAIN COMPANY, Appellee.**

No. 12838.

Court of Civil Appeals of Texas.

San Antonio.

April 20. 1955.

Elbert R. Jandt, Seguin, for appellant.

W. T. Barber, San Marcos, Rice, Waitz & Rice, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This appeal involves only the question of venue. The suit was upon an open account for the balance due, alleged to be $11,317.31. It was further alleged that the account was payable in Seguin, Guadalupe County, Texas. A great number of vouchers were attached to plaintiff's original petition stating that the account was due and payable in Seguin, Guadalupe County, Texas. But it was further shown that these vouchers were not signed by either of the defendants or any duly authorized agent. On August 24, 1946, a letter was written to Mr. E. B. Camiade, President, Seguin Milling Company, Seguin, Texas, signed by J. S. Reed and Sons, by F. A. Reed. This letter shows on its face that it had been written in reply to a letter received by J. S. Reed & Sons

on the 21st of the same month, and the second paragraph reads as follows:

"The open account of $2,874.36 due you on July purchases will be remitted in full on the later part of this month and hereafter remittances will be made on the 20th, of each month on second month of purchases and we will be pleased to cooperate with you in handling the account on your terms."

Plaintiff contends that Reed Grain Company, owned by George N. Reed and F. A. Reed, partners, is the successor of J. S. Reed & Sons. These alleged partners filed pleas of privilege to be sued in Hays County, the county of their residence, and plaintiff filed a controverting plea alleging that it was entitled to retain venue in Guadalupe County, under Section 5, Article 1995, Vernon's Ann.Civ.Stats. Said Section 5 reads as follows:

"Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

The trial judge sustained the pleas of privilege and the Seguin Milling Company has prosecuted this appeal.

■ Among other things, the burden of proof was upon appellant to show that it had a written contract expressly providing that the sums of money sued for were payable in Seguin, Guadalupe County. In order to do this, it introduced in evidence the invoices above mentioned, together with the letter of J. S. Reed & Sons, dated August 24, 1946. The question presented is whether or not these instruments show a written contract to pay this open account in Seguin, Guadalupe County. Appellant failed to discharge the burden resting upon it. The invoices were not signed by either of the parties nor by any one authorized to sign for George N. Reed or F. A. Reed, therefore they can not be a contract in writ-

ing. Appellant undertook to show a written contract by introducing in evidence the letter of August 24, 1946, stating in effect that J. S. Reed & Sons would be pleased to cooperate with appellant in handling the account upon appellant's terms. We may presume that the terms referred to were those set forth in appellant's letter of August 21, 1946. This letter was not introduced in evidence and is not a part of the record. We agree with appellant that a written contract may consist of several instruments, but there is nothing here to indicate that when J. S. Reed & Sons stated that they were willing to handle the account on appellant's terms, that this meant they agreed to pay the account in Seguin, Guadalupe County. The presumption would be that they were agreeing to terms set out in a letter which they had received from appellant, and inasmuch as this letter is not in the record we have no way of knowing what those terms were. Appellant has failed to show that it holds a written contract signed by appellee, the obligation of which was to be performed in Seguin, Guadalupe County.

■ Appellant contends that it sued the partnership of Reed Grain Company by its assumed name and that no plea of privilege was filed as to the Reed Grain Company, therefore, the venue should have been retained in Seguin, Texas. We overrule this contention. Rule 28, Texas Rules of Civil Procedure, authorizes the suing of a partnership in its assumed name, but this rule does not constitute a venue statute and has no application to the questions of venue. See Heid Bros. v. Mueller-Huber Grain Co., Tex.Civ.App., 185 S.W.2d 470; J. A. & E. D. Transport Co. v. Rusin, Tex.Civ.App., 202 S.W.2d 693, set aside on other grounds in keeping with the Supreme Court opinion, 206 S.W.2d 95.

■ Appellant next contends that the court erred in failing to file findings of fact and conclusions of law, as requested by it. We overrule this contention. This is an appeal from an interlocutory order under provisions of Rule 385, Texas Rules of Civil Procedure, which provides that the trial

332

judge is not required to file findings of fact and conclusions of law. See L. H. Lacey & Co. v. Flowers, Tex.Civ.App., 169 S.W.2d 790; Lowry v. State, Tex.Com.App., 258 S.W. 471; Golasinski v. Warren Refrigerator Co., Inc., Tex.Civ.App., 226 S.W.2d 220.

The judgment of the trial court is affirmed.