**Israel ROSENFIELD et al., Appellants,**

**v.**

**John HULL et al., Appellees.**

**No. 6981.**

Court of Civil Appeals of Texas.
Texarkana.

June 20, 1957.

Rehearing Denied July 25, 1957.

Second Motion for Rehearing Dismissed
Aug. 15, 1957.

---

Goldberg & Alexander, Arthur S. Goldberg, Dallas, and Smead & Harbour, Henry Harbour, Longview, for appellants.

Kenley, Sharp, Ritter & Boyland, Longview, for appellees.

DAVIS, Justice.

This is an appeal from an order of the District Court overruling the defendants' plea of privilege.

At the time the case was argued before this court the fact was called to the attention of the attorneys that in the beginning of the order overruling the pleas of

privilege, it appears to have been done on January 31, 1957. Immediately below the signature of the judge we find this notation: "Entered March 14, 1957." The appeal bond in the case was approved and filed on March 14, 1957; although, it contains no certificate that the clerk of the court had fixed the probable amount of costs. There appears in the transcript a request for transcript dated March 13, 1957, in which counsel for appellants informed the clerk that the appeal bond was being enclosed. This request for transcript was also filed March 14, 1957. For all legal purposes the order overruling the pleas of privilege was done on January 31, 1957, and the appeal bond was not filed within 20 days as required by Rule 385, Vernon's Ann. Texas Rules of Civil Procedure. "Entered" is not synonymous with the word "Signed" and the notation "Entered March 14, 1957" below the judge's signature is not a compliance with Rule 306a, V.A.T.R.C.P. Mathis Independent School Dist. v. Odem Independent School Dist., Tex.Civ.App., 222 S.W.2d 270, no writ history. The situation we have is directly in point with the holding in the case of Polis v. Alford, Tex.Civ.App., 267 S.W.2d 918, no writ history. At the time the case was argued on June 6, 1957, this condition of the record was called to the attention of counsel for appellant and he was advised by the court that he would be given 10 days from that date, in the event the judgment did not reflect the correct date of signing, to secure the signature of the trial judge to a corrected judgment and bring the same forward in a supplemental transcript. More than 10 days have passed and no supplemental transcript has been tendered to the clerk of this court for filing. Therefore, we have no alternative but to hold that this court is without jurisdiction of this appeal and to dismiss the same. It is so ordered.

In the alternative, if we had jurisdiction of the case, we would make the following disposition of the same:

■ The only point of error, if such is a point, brought forward by appellants is as follows:

"The trial court erred in overruling the defendants' plea of privilege."

In their argument and authorities in their brief we find the following statement which counsel for appellants contended in his only argument was a subdivision of the point relied upon and which this court should consider:

"The Appellees' contentions may be divided into four major parts as follows:

"1. Venue should be held in Gregg County, Texas, based on the original written contract under *Sub-division 5*.

"2. Venue should be held in Gregg County, Texas, based on an allegation of fraud set up in the controverting affidavit under *Sub-division 7*.

"3. Venue should be held in Gregg County, Texas, based upon a purported lien also set up in plaintiffs' controverting affidavit based on *Sub-division 12*.

"4. Venue should be held in Gregg County, Texas, based upon the alternative plea alleging a purported written contract for settlement also under *Sub-division 5*."

This was only a statement of the contention of appellees and states no point of error. It is only an opinion of appellants as to why the plea of privilege should have been overruled. Neither the point stated nor the sub-division states a point of error. Rule 374, V.A.T.R.C.P. and authorities collated under Note 10, beginning on page 108 of Vol. 3, and Pocket Part thereof. The point is entirely too general and will not be considered. There are also authorities cited under Rule 322, V.A.T.R.C.P. which hold that objections, exceptions, etc., should not be couched in general terms.

■ This being an appeal from an interlocutory order, the filing of a brief has been held not to be mandatory in the prosecution of such an appeal. Seguin Milling

Co. v. Reed Grain Co., Tex.Civ.App., 278 S.W.2d 330, no writ history; Walker v. Cleere, 141 Tex. 550, 174 S.W.2d 956; and Hotel & Restaurant Employees' International Alliance, etc., v. Longley, Tex. Civ.App., 160 S.W.2d 124, no writ history. Being an interlocutory order, the filing of a brief is not a prerequisite to perfect an appeal. Austin v. Consolidated Casting Co., Tex.Civ.App., 246 S.W.2d 273, no writ history.

In view of this fact, we have carefully examined the record as a whole and find that the judgment of the trial court is fully supported by the pleadings and the evidence, and the judgment of the trial court is affirmed.