TEXAS RESERVE LIFE INSURANCE COMPANY et al., Appellant,

v.

Marion C. ADAMS, Appellee.

No. 3480.

Court of Civil Appeals of Texas.

Eastland.

Oct. 30, 1959.

On the Merits Jan. 8, 1960.

Rehearing Denied Jan. 29, 1960.

Gibbon, Klein & Ferrero, Harlingen, Shelton & Haight, San Antonio, for appellant.

DeCoux & DeCoux, Houston, for appellee.

GRISSOM, Chief Justice.

The appellee has filed a motion to dismiss the appeal because appellant filed his briefs more than thirty days after the record was filed in this court. Appellant has replied that he relied upon alleged "local rules". Texas Rules of Civil Procedure, rule 414 requires, where applicable, that an appellant shall file briefs within 30 days after the transcript and statement of facts are filed in the Court of Civil Appeals. This is an appeal from an order overruling appellant's plea of privilege. There has been no trial on the merits. This is an appeal from an interlocutory order. The filing of briefs on such an appeal is not mandatory. R.C.P. 385; Walker v. Cleere, 141 Tex. 550, 174 S.W.2d 956; Rosenfield v. Hull, Tex.Civ.App., 304 S.W.2d 571; Hotel & Restaurant Employees' International Alliance & Bartenders' International League v. Longley, Tex.Civ.App., 160 S.W.2d 124; Austin v. Consolidated Casting Co., Tex. Civ.App., 246 S.W.2d 273. For that reason, the motion is overruled.

### On the Merits

Marion C. Adams sued Texas Reserve Life Insurance Company, Charles F. Palm and J. H. Palm in Harris County. The defendants were residents of Bexar County. The insurance company and the Palms filed separate pleas of privilege. They were overruled and defendants have appealed. The plaintiff alleged and introduced evidence from which the trial court could, and presumably did, find that J. H. Palm, acting for himself and as agent for Charles F. Palm and Great American Health and Life Insurance Company, by means of fraudulent representations made in Harris County, induced Adams to exchange bonds of said insurance company for stock therein, by a promise that after a certain date, at Adams option, he could return said stock to them and receive therefor $20 per share; that said promise was made with the intention not to comply therewith and that when, after said date, Adams presented the stock for redemption at said price, said parties failed to buy it.

Adams relied on exceptions 7 and 29a to Article 1995, Vernon's Ann.Civ.St.

for authority to maintain the suit in Harris County. The evidence is sufficient to sustain the presumed findings that the Palms perpetrated a fraud on Adams in Harris County and he was damaged thereby.

■ Appellants contend that the gist of Adams' cause of action is damages for breach of the contract and that fraud, if any, is merely incidental. Adams alleged in one count a suit for damages for breach of the contract and in another sought to rescind the alleged fraudulent contract and recover the bonds, or their value. The contention is overruled.

■ The court did not err in excluding the evidence disclosed by appellants' bill of exceptions because it was an offer to compromise.

■ It is evident that Texas Reserve Life Insurance Company did not commit a fraud on Adams in Harris County. J. H. Palm was not its agent when the fraud was alleged to have been committed by him. Its only connection with the case is that, after perpetration of the fraud, if any, Great American Health and Life Insurance Company merged with it and Texas Reserve Life Insurance Company received its assets and became liable for its debts. It committed no fraud in Harris County. The person alleged to have committed the fraud in Harris County was not then its agent. The requisite venue facts were not established against it, on the contrary, plaintiffs showed said facts did not exist. Therefore, venue in Harris County cannot be maintained against it under exception 7. The presence of said company in this suit is not essential in order that Adams may obtain full relief against the Palms, therefore, the suit cannot be maintained in Harris County against Texas Reserve Life Insurance Company on the theory that it is a necessary party defendant by virtue of exception 29a. The essential venue facts were not established against Texas Reserve Life Insurance Company. All of the Palms' points are overruled. The part of the judgment overruling

the plea of privilege of Charles F. Palm and J. H. Palm is affirmed. That part overruling the plea of privilege of Texas Reserve Life Insurance Company is reversed and, since it is evident that appellee cannot on another trial establish the right to maintain the suit against said corporation in Harris County, the cause, as to said corporation, is ordered transferred to a district court of Bexar County.