James LEUER, Appellant,

v.

Magus F. SMITH et al., Appellees.

No. 13582.

Court of Civil Appeals of Texas.

San Antonio.

March 30, 1960.

Rehearing Denied May 11, 1960.

Gerald Weatherly, Laredo, for appellant.

Magus F. Smith, McAllen, F. R. Nye, Jr., Rio Grande City, for appellees.

BARROW, Justice.

This is an appeal by writ of error by James Leuer, from a judgment confirming the report of partition commissioners named in a judgment of partition theretofore entered, directing them to partition the land involved in accordance with said decree.

The decree confirming the commissioners' report was signed on May 20, 1959. Appellant's petition for writ of error and the clerk's certificate estimating the costs and certifying the .deposit of said amount were filed on October 14,. 1959.

Appellees have filed a motion challenging the jurisdiction of this Court to determine this appeal by writ of error, on the ground that the judgment of the trial court and the statement of facts show on their face that the appellant was present in person and by his attorney and participated in the trial of said cause and the hearing of the objections to the commissioners' report. Said motion was filed in this Court on January 26, 1960, the statement of facts, on December 10, 1959, and the transcript, on November 13, 1959.

The appellant answered the motion to dismiss and attached thereto the affidavit of his attorney, which states in substance, that appellant appeared in person and by attorney on April 29, 1959, at the hearing of the commissioners' report; that evidence thereon was heard, and the hearing was completed on that date; that, thereafter, on May 18, 1959, the court heard further evidence in the matter and neither appellant nor his attorney was present; that appellant had no notice of said hearing, and did not learn of the entry of said judgment signed on May 20, 1959, until more than ten days thereafter.

Appellees have filed replies thereto and attached the affidavits of Hon. C. Woodrow Laughlin, the trial judge, and Magus F. Smith and E. R. Nye, their attorneys and also parties to the proceeding, to the effect that the hearing was not completed on April 29, 1959, and that in open court the judge announced that the hearing was postponed until May 18, 1959. Smith and Nye further stated that thereafter and before May 18, 1959, they each discussed with appellant's counsel the matter of the further hearing on said date.

Appellant urges the point that appellees have waived their motion to dismiss the appeal because they did not file such motion within thirty days after the filing of the transcript in this Court, as provided by Rule 404, Texas Rules of Civil Procedure.

We are of the opinion that we cannot consider these affidavits under the

above mentioned rule as interpreted by the Courts, for the reason that the judgment of the trial court appearing in the transcript, shows on its face that appellant did appear, both in person and by attorney, and participate in said hearing. Rules 405 and 406, T.R.C.P. It is well settled that the Court of Civil Appeals may receive evidence in the form of affidavits or otherwise only to supply jurisdictional facts not apparent of record. The recitations contained in the judgment of the trial court cannot be impeached by such affidavits. Gist v. Holt, Tex.Civ.App., 173 S.W.2d 216; Rankin v. Lowrance, Tex.Civ.App., 160 S.W.2d 567.

 We are of the opinion that the provisions of Article 2249a, Vernon's Ann. Tex.Civ.Stats., are mandatory and jurisdictional and cannot be waived. Consequently, motions to dismiss appeal for want of jurisdiction are not waived by the failure to file within thirty days after the filing of the transcript. Walker v. Cleere, 141 Tex. 550, 174 S.W.2d 956; Rule 405, T.R.C.P.

The motion to dismiss is well taken. The appeal is dismissed.

### On Motion for Rehearing.

Appellant urges that we were in error in our original opinion in stating that the judgment of the trial court shows on its face that appellant did appear and participate in the trial, and particularly urges that we erred in holding that the recitals in the judgment cannot be impeached. Appellant contends that the statement of facts shows that a complete trial was had on April 29, 1959, and that the hearing had on May 18, 1959, was an attempted further hearing in a case that was closed. We do not agree with that contention.

The statement of facts is in two volumes. The first, containing twenty-three pages, covers the evidence introduced on April 29, 1959; and the second, containing eighteen pages, covers the hearing had on May 18,

1959. It is duly certified and approved by the court, and shows on its face that the case "came on for additional hearing after recess on April 29, 1959," before the court. The record also shows that although appellant's counsel knew that the further hearing would be had on said date, he failed to appear. All the evidence heard at the first hearing was introduced by appellant. Therefore, the record in no way contradicts the recitals in the judgment. If there be any doubt that appellant had notice that the case was not closed on April 29, 1959, but recessed for further hearing until May 18, 1959, the affidavits of the trial court, and Smith and Nye, counsel for appellees, so state.

Appellant's motion for rehearing is overruled.