## HEDLEY INDEPENDENT SCHOOL DISTRICT

v.

### James DONEGHY.

No. 7214.

Court of Civil Appeals of Texas.

Amarillo.

May 14, 1962.

Charles L. Reynolds, Childress, for appellant.

W. T. Link, Clarendon, for appellee.

PER CURIAM.

Appellee has filed a motion to dismiss this appeal for want of jurisdiction on the ground the transcript was not filed with the clerk of this court within 60 days from the rendition of the final judgment as required by Rule 386, Texas Rules of Civil Procedure. The record discloses the transcript was filed in this court on March 30, 1962.

The case was tried before the court without a jury and after a hearing a summary judgment was granted for the defendant below, appellee herein. A motion for new trial was not required and none was filed. We are therefore to look to the judgment itself to determine the period within which appellant was required to perfect this appeal by filing the transcript with the clerk of this court. The judgment provides in part: "On this January 26, 1962 this cause duly came on to be heard, * * * and the court after hearing the pleadings and motions for summary judgment and the oral deposition, is of the opinion and finds that no material fact issue exists, and that defendant's motion for summary judgment is well taken and should be in all things sustained." There is no other date appearing in the judgment. The closing statement in the judgment sets out the plaintiff's notice of appeal and is signed by the Hon. Luther Gribble, presiding judge of the district court of Donley County. No notation appears in the judgment either before or after the judge's signature, stating when the judgment was rendered or signed. The transcript reveals the judgment was filed with the clerk of the trial court on February 7, 1962. Rule 306a, T.R.C.P. provides as follows:

"Judges are directed to cause, and attorneys and clerks are directed to use their efforts to cause all judgment, decisions, and orders of any kind to be reduced to writing and signed by the trial judge and the date of signing stated therein; but absence of any such showing shall not invalidate any judgment or order.

"In determining the periods within which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the written

**726**

draft thereof was signed by the trial judge as *stated therein."* (Emphasis added.) "This rule shall apply in determining the time within which to file a motion for new trial, notice of appeal, appeal bond or affidavit in lieu thereof, bills of exceptions, statements of fact in trial and appellate courts, transcript in appellate court, petition for writ of error if appeal is by writ of error, or other procedure in connection with appeal; but this rule shall not be construed as determining what constitutes rendition of a judgment or order in any other situation or for any other purpose. In event the date of signing of a judgment or order is not shown therein as required above, then the date of rendition shall be otherwise shown of record."

It is now well settled that the face of the judgment itself must be looked to in determining when the judgment was rendered for purposes of appeal. Cox v. Payne (Civ.App.) 231 S.W.2d 957; Polis v. Alford (Civ.App.) 267 S.W.2d 918; Becnel v. Becnel (Civ.App.) 336 S.W.2d 221. The Galveston Court of Civil Appeals, in Heard v. Heard, 305 S.W.2d 231 (writ refused) followed the above rule, and in addition specifically held that the filing of the judgment by the clerk of the trial court was without force and effect to establish the date the judgment had been signed for appeal purposes. The filing date of February 7, 1962 is therefore of no significance in the determination of the motion to dismiss this appeal. Based on the recitals contained in the judgment, and the complete absence of a statement in the judgment itself as to the date it was signed, we are required to accept the date of January 26, 1962 as the date of the rendition of the said judgment. Rule 386, T.R.C.P. provides: " * * * the appellant shall file the transcript * * * with the clerk of the Court of Civil Appeals within sixty days from the rendition of the final judgment * * *;" provided the record contains no motion seeking an exten-

sion of time in which to file the transcript. Appellant has filed no such motion for an extension of time.

Finding, as we are required to do under this record, that the judgment appealed from was rendered on January 26, 1962, it necessarily follows that the transcript was filed in this court more than 60 days after the rendition of the final judgment. Where there is a failure to timely file the record in the Court of Civil Appeals, jurisdiction is defeated. Tydlacka v. Tydlacka (Civ.App.) 277 S.W.2d 159; Walker v. Cleere, 141 Tex. 550, 174 S.W.2d 956.

Concluding we do not have jurisdiction, the appeal is accordingly dismissed.