D. M. COGDELL, Jr., et al., Appellants,

v.

Ralph C. JOHNSTON et al., Appellees.

No. 7403.

Court of Civil Appeals of Texas.

Amarillo.

June 15, 1964.

Rehearing Denied Sept. 8, 1964.

LaFont, Tudor, Tunnell, Formby & Reep, Plainview, W. C. Hancock, Pittsburg, for appellants.

Ben P. Ayres, Floydada, Evans, Pharr, Trout & Jones, Lubbock, for appellees.

NORTHCUTT, Justice.

This case was filed by appellants, tax payers owning taxable property located in the Floydada Independent School District for themselves and all others similarly situated, against the appellees, the Board of Trustees of the Floydada Independent School District and its tax assessor and collector, seeking an injunction restraining the appellees from certifying and approving the tax roll of the Floydada Independent School District for the year 1963, and seeking a mandamus to require the appellees to comply with all of the constitutional and statutory provisions of the laws of Texas relating to assessment and collection of ad valorem taxes. It being the contention of appellants that the appellees were not placing on the tax rolls personal property and thereby making the burden on real estate excessive. A temporary restraining order was granted and by various orders continued in force and effect until the 19th day of November, 1963, at which time at the request of appellants and appellees the trial court entered an order appointing a master in chancery to conduct an inquiry to ascertain the existence, ownership and description of all items of personal property which, under the laws of the State of Texas, were subject to and not exempt from ad valorem taxation and had a taxable situs within the Floydada Independent School District on January 1, 1963, and which had not, prior to September 20, 1963, been rendered by the owner thereof for taxation by such district and which had not, prior to September 20, 1963, been placed on any list of unrendered personal property prepared by the tax assessor collector of such district for ad valorem taxation by such district in and for the year 1963 and presented to the Board of Equalization of such district.

The provisions of the order giving the appellants and appellees the right to procure the attendance of witnesses before the master, and the general effect of the order was to have all taxable personal property placed on the tax roll for taxes. The master was to make his report to the court and the court had the authority to confirm, modify, reject, reverse or re-commit the report to the master after the report was filed. The order also provided the Board of Equalization of said district to remain in existence and functioning. The report of the master, together with any modifications made by the court, was to be delivered to the tax assessor and collector of Floydada Independent School District, who was to compile from said report a list of unrendered personal property, and deliver the same, together with any supplemental renditions of personal property made on or before the 20th day of September, 1963, to the Board of Equalization of such district for the consideration and action thereon of such Board in the manner provided by law. The Board of Equalization was not to complete and certify the 1963 tax roll of said district, until such board had incorporated in such tax roll the additional personal property shown by the list of unrendered personal property, and by such supplemental renditions considered in the light of the master's findings with reference thereto, and until the Board had made appropriate adjustments in the tax valuation of real and personal property then on the tax roll occasioned by the inclusion of such additional personal property.

On December 6, 1963, the appellees made a motion to release the tax roll asking that they be permitted to provisionally complete and certify the 1963 tax roll of the district as such roll existed on September 19,

1963, and to proceed with collection of 1963 taxes on such roll with such provisions as to re-adjustment of such roll and refund of overpayment of taxes that might result from subsequent addition to such roll of personal property unrendered on September 19, 1963, as the court might deem necessary or advisable.

On December 23, 1963, the appellants answered the appellees' motion to release the tax roll contending all matters were settled by the order entered on November 19, 1963, by a final judgment. The court set the case for trial on its merits for January 3, 1964. The appellants contended the order entered on November 19, 1963, disposed of the case. The court overruled appellants' contention and entered an order releasing the tax roll. Said order was as follows:

"IT IS THEREFORE ORDERED BY THE COURT that such Motion be granted; that the Defendants be and they are hereby authorized to complete and certify the 1963 tax roll of Defendant District, as such roll existed on the 19th day of September, 1963, and to proceed with the collection of 1963 taxes upon such roll, subject, however, to subsequent inclusion in such tax roll of such items of personal property, unrendered as of September 19, 1963, as the Court may hereafter direct to be placed upon such roll; that Defendants shall segregate from all 1963 taxes hereafter collected, as collected, a sum equal to 2% thereof, and place the same in a special fund to be known as the '1963 Tax Adjustment Fund,' to be used only for repayment of any overpayments of 1963 taxes upon property upon the tax roll on September 19, 1963, resulting from subsequent addition, under order of this Court, to such tax roll of personal property unrendered on September 19, 1963; that whenever hereafter the Court may direct that personal property unrendered on September 19, 1963, be placed upon the 1963 tax roll of Defendant District, Defendants shall make such adjustments in

the amount of 1963 taxes theretofore appearing on such roll, and shall make such refunds of overpayments of 1963 taxes, as shall result from addition of such unrendered personal property to such tax roll; that except as herein modified, this Court's Order of November 19, 1963, shall remain in effect.

"Rendered, entered and signed, this 3rd day of January, 1963.

"To which Order of the Court the Plaintiffs in open Court duly excepted and gave notice of appeal to the Court of Civil Appeals for the Seventh Supreme Judicial District at Amarillo, Texas."

Appellants present this appeal upon one assignment of error contending "the trial court erred in entering an order modifying the agreed judgment of November 19, 1963, after the same became final, on a motion filed by appellees in the same proceeding." Rule 385, Vernon's Ann.Texas Rules provides:

"Appeals from interlocutory orders (when allowed by law) may be taken by (a) Filing an appeal or supersedeas bond within twenty days after rendition of the order appealed from, in an amount and to be approved and conditioned as required by the rules governing appeals generally; and (b) Filing the record in the appellate court within twenty days after rendition of the order appealed from. Provided, that upon the filing of a motion in the appellate court within such twenty-day period, or within five days thereafter, showing good cause therefor, such court may grant a reasonable extension of time in which to file such record or any part thereof."

The order appealed from was dated January 3, 1964. The appeal bond was filed in the trial court on January 21, 1964, but the record was not filed in this court until February 20, 1964. We are of the opinion, and so hold, the orders entered by the trial court

in this case were interlocutory orders and that it is not necessary for us to determine if it is an appealable order.

It is stated in the case of Walker v. Cleere, 141 Tex. 550, 174 S.W.2d 956, as follows:

"There are two reasons why we must hold that the timely filing of the record in the Court of Civil Appeals in an appeal from an interlocutory order is jurisdictional and cannot be waived.

"In the first place, it will be noted that Rule 385 makes two requirements for the taking of an appeal from such an order,—towit, (a) filing a bond and (b) filing the record in the appellate court within the time therein specified. It is necessary that both of these steps be taken, and not merely one of them, in order to comply with the terms of the rule. It necessarily follows that where a statute or rule requires the taking of two steps in order to perfect an appeal, the taking of only one of them is insufficient. United Employers Cas. Co. v. Skinner et al., Tex.Civ.App., 141 S.W. 2d 955, writ refused."

It is further stated in that same case as follows:

"When the rules were adopted Rule 385 took the place of Article 4662 in so far as it prescribed the procedure to be followed in perfecting an appeal from an interlocutory order in an injunction case, and the requirement that the record be filed in the Court of Civil Appeals within twenty days became a part of Rule 385 in substantially the same language as previously embodied in the statute. Presumably this requirement must be given the same effect as was given to it when it was a part of the statute. It would follow from this that the timely filing of the record in the Court of Civil Appeals in an appeal from an interlocutory order in an injunction case is still jurisdictional and cannot be waived. If this

be true with reference to appeals from some interlocutory orders—such as injunction cases—it must necessarily be true in appeals from all interlocutory orders because the rule covers appeals from all such orders.

"We hold that the filing of the record in the Court of Civil Appeals within the time fixed by Rule 385 is jurisdictional, and that compliance therewith was not waived by the failure to file a motion to dismiss or strike the record within thirty days after the filing thereof."

See also the case of Tydlacka v. Tydlacka, Tex.Civ.App.1955, 277 S.W.2d 159, citing the case of Walker v. Cleere, where it is stated:

"It is well settled law in this State that the filing of the record within the time prescribed by Rule 386, or the filing of a motion for an enlargement of such time within the time allowed, is mandatory and jurisdictional, and where there is a failure to comply with these provisions, jurisdiction of the Court of Civil Appeals is defeated. Walker v. Cleere, 171 S.W.2d 151, certified question answered by the Supreme Court, 141 Tex. 550, 174 S.W.2d 956, 958. In that case Chief Justice Alexander, speaking for the Supreme Court, said:

" 'We hold that the filing of the record in the Court of Civil Appeals within the time fixed by Rule 385 is jurisdictional, and that compliance therewith was not waived by the failure to file a motion to dismiss or strike the record within thirty days after the filing thereof.'

"It is true that Rule 385, T.R.C.P., was there involved, but the same principle must necessarily apply to Rule 386, supra."

 It is the duty of the court to take notice of its want of jurisdiction to determine the merits of the appeal. It seems

clear to us that we do not have jurisdiction to determine the merits herein and that the appeal should be dismissed. It is accordingly so ordered.

CHAPMAN, J., not participating.