Mildred M. DOUGLASS, Appellant,

v.

Hardy SIMS, Appellee.

No. 16440.

Court of Civil Appeals of Texas.

Dallas.

Feb. 12, 1965.

James D. O'Connor, Dallas, for appellant.

Roy P. Cookston, Dallas, for appellee.

DIXON, Chief Justice.

Our former opinion in this appeal is withdrawn and the following opinion is substituted therefor.

Appellant Mildred M. Douglass seeks to appeal from a summary judgment for $724.-48, said amount being the principal, interest and attorney's fee which the trial court found to be due on a promissory note signed by appellant payable to appellee Hardy Sims.

Appellee's motion for summary judgment is supported by an affidavit executed in the form prescribed by Rule 166–A, Texas Rules of Civil Procedure, to which affidavit the original note was attached.

Appellant filed a so-called controverting affidavit which is not in the form prescribed by the rule in several particulars. Among them is this: appellant's signature follows immediately after the statements contained in her purported controverting affidavit, but the oath itself is not signed by her. There is a line for her signature but the space above the line is blank. Following the blank space above the line for appellant's signature is the notation that the instrument was sworn to before James D. O'-Connor, notary public, whose signature follows. James D. O'Connor is appellant's attorney of record.

Appellee has filed a motion to strike the transcript and dismiss the appeal. After carefully reviewing the record we have concluded that the motion should be sustained.

The record discloses that the judgment was signed November 5, 1963. Appellant filed a motion for new trial November 13, 1963. The motion was never presented or acted on by the court, so was overruled by operation of law 45 days later, December 28, 1963.

On March 13, 1964 appellant filed a motion for an extension of time to file the transcript. In her motion appellant alleged that she had filed an answer to appellee's suit but that said answer had become misplaced and additional time was needed to locate the missing pleading so that it could be included in the transcript. She alleged "that the sole reason for not filing the transcript in this court on time was the loss of the answer filed by appellant in the trial court." On March 27, 1964, over appellee's objection, we sustained appellant's motion, granting her an extension of 30 days "from and after the expiration of the time required by law."

On April 13, 1964 appellant filed an application for leave to file a second motion for extension of time to file the transcript in the case. In this motion appellant stated that the transcript was ready to be filed should this court see fit to grant a further extension. The second motion correctly stated that the transcript was originally required to be filed February 26, 1964. On April 24, 1964 in acting on this motion we corrected our order of March 27, 1964, the effect of the correction being to grant appellant an extension of time of 30 days from March 27, 1964 to file the record.

Appellant filed the transcript on April 24, 1964. However, the transcript does not include a copy of appellant's alleged answer which she had stated in her original motion for extension had been lost. Neither does the record show that any attempt has been made to comply with Rule 77, T.R.C.P., which provides a means for supplying lost records and papers.

On September 18, 1964 at the same time he filed a supplemental brief, appellee filed his motion to strike appellant's transcript and to dismiss the appeal. This motion renews appellee's attack on the late filing of appellant's transcript.

As we have said, the transcript as filed still does not contain a copy of appellant's alleged answer to appellee's suit on the note signed by appellant and there is no showing that any attempt has been made to supply the missing instrument. It is plain that the transcript as now made up could easily have been filed within the 60-day period ending February 26, 1964.

Compliance with Rule 386, T.R.C.P. is mandatory and jurisdictional in nature. Failure to comply with the rule cannot be waived. Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587; Ortiz v. Associated Employers Lloyds, Tex.Civ.App., 294 S.W.2d 880; Armstrong v. West Texas Rig Co., Tex.Civ.App., 339 S.W.2d 69; Hedley Ind. School Dist. v. Doneghy, Tex.Civ.App., 358 S.W.2d 724.

In the light of the undisputed facts as now shown by the record, we hold that we do not have jurisdiction of appellant's appeal. Our orders of March 27, 1964 and April 24, 1964 are set aside. An order will be entered striking appellant's transcript and dismissing appellant's attempted appeal.

Dismissed.