Gary V. MORRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 16771.

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 22, 1976.

No brief for appellant.

No brief for appellee.

PEDEN, Justice.

Mr. Gary V. Morris seeks to appeal from an Order of Temporary Hospitalization entered after a hearing under the provisions of the Texas Mental Health Code, Articles 5547–1 through 5547–204, Vernon's Civil Statutes. The appellee has filed a motion to dismiss the appeal for failure of Mr. Morris to timely give written notice of appeal. We grant that motion.

Article 5547–39a provides: "The person ordered committed may appeal the Order of Temporary Hospitalization by filing written notice thereof with the County Court within five (5) days after the Order of Tempo-

rary Hospitalization is *entered.*" (emphasis added). Written notice of appeal was filed by the appellant's counsel on June 16, 1976.

█ The trial court's order bears the clerk's file mark of June 10, 1976. The term "entered" refers to the ministerial act of the clerk in entering the judgment in the minutes. *Bostwick v. Bucklin,* 144 Tex. 375, 190 S.W.2d 818 (1945).

Justice Frank Wilson wrote in *Jackson v. Gish,* 440 S.W.2d 121 (Tex.Civ.App.1969, writ ref. n. r. e.) that the use of the term "entered" as meaning "rendered" by the bench and bar of this state "has become so prevalent that it is a matter of common knowledge of which we take judicial notice."

█ The trial court's order begins "On this the 9th day of June, 1976 came on to be heard . . .". No other date is recited in the order to suggest that it was rendered or signed on a different day, so if the date of rendition is significant in this case we are required to accept June 9, 1976 as that date. *Hedley Independent School District v. Doneghy,* 358 S.W.2d 724 (Tex.Civ.App. 1962, no writ).

█ Under the Texas Rules of Civil Procedure, Rules 306a and 356 in particular, the date when time begins to run on the various steps in appeal is the date of *rendition* of judgment. As noted, however, Article 5547–39a provides that the time for giving notice of appeal begins to run not on rendition but on entry of the order.

█ In our case it matters not whether the five-day period was intended to begin on rendition or on entry of the judgment because the written notice of appeal was not filed within five days after either event.

█ Rule 353, T.R.C.P., was amended effective January 1, 1976 by omitting paragraphs (a) and (b), which required the giving of notice of appeal as an appellate step. Rule 354 was amended by adding paragraph (c); it provides for the giving of notice of appeal when a bond for costs on appeal is not required by law. These amendments to

the Rules neither repeal nor impair the statutory requirement of notice imposed by Article 5547–39a.

The appeal is dismissed.