

# The Attorney General of Texas

November 14, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas   77002

Opinion No. JM-232

Re: Eligibility for membership
on the Harris County Bail Bond
Board and related questions

Dear Mr. Driscoll:

You inquire about eligibility for membership on the Harris County
Bail Bond Board and the finality of a judgment against a corporate
surety. You first ask:

> Does an individual who is licensed as a bail
> bondsman by the Harris County Bail Bond Board and
> who is authorized to do business under an assumed
> name, forfeit his position as a member of the bail
> bond board by conveying to a third party the
> business under which assumed name he has
> previously operated, even though he is presently
> sitting as a member of the bail bond board as a
> licensed bondsman, and is maintaining a bail bond
> license, and whose bonds the sheriff currently
> accepts, and whose collateral is still valid?

An individual described by your question does not forfeit his
position as a member of the bail bond board by conveying to a third
party a business which the individual previously operated under an
assumed name. Article 2372p-3, section 5(b)(6), V.T.C.S., provides
the following:

> (b)  The County Bail Bond Board shall be
> composed of the following persons:
>
> . . . .
>
> (6)  a licensed bondsman, licensed in the
> county, elected by other county licensees. . . .
> (Emphasis added).

The statute's only requirement for a member elected by other county
licensees is that the member be a licensed bondsman who is licensed in
the county. The individual in question continues to be a licensed

bondsman in Harris County.  <u>Cf.</u> Attorney General Opinion MW-321 (1981).

Your second question inquires whether a corporation, if elected to the board, may designate as its representative a person who is not himself a licensed bondsman.  Article 2372p-3 defines the relevant terms:

> Sec. 2.  In this Act:
>
> (1) 'Person' means an individual or corporation.
>
> (2) 'Bondsman' means any <u>person</u> who for hire or for any compensation deposits any cash or bonds or other securities, or executes as surety or cosurety any bond for other persons.  (Emphasis added).

Under these definitions, a bondsman is an individual or corporation which for hire or for any compensation deposits any cash, bonds, or other securities or executes as surety or cosurety any bond for other persons.  <u>See also</u> V.T.C.S. art. 2372p-3, §14A(a) (referring to a corporation as a "bail bondsman").  Sections 3(b) and 3(d) of the act contain separate requirements of eligibility for the licensing of individuals and the licensing of corporations.

Since a corporation is a person, it is a bondsman, and if a corporation is licensed in the county, we believe it is a licensed bondsman within the meaning of section 5(b)(6).  Thus, we conclude that a corporation licensed under the act is a legal entity which may be a member of a county bail bond board if elected by other county licensees.

The Texas Business Corporation Act directs the board of directors to manage the business and affairs of a corporation.  Tex. Bus. Corp. Act, art. 2.31.  The act also provides that the officers and agents of a corporation shall perform duties in the management of the corporation which are provided in the bylaws or which are determined and delegated by the board of directors in accordance with the bylaws.  Tex. Bus. Corp. Act, art. 2.42.B.  Since a corporation functions through its directors, officers, and agents, we believe a corporation serving as a member of a bail bond board does so through the individual who represents it on the board.  The corporation is the board member.  Its representative on the board is an authorized agent of the corporation and is not a member of the board in his individual capacity.  We do not address the question of whether it is constitutionally permissible for a corporation to be elected and serve as a member of a board of this nature.  With this caveat, we conclude that a licensed corporation may be a licensed bondsman and a member of a bail bond board and that such a corporation's authorized agent is the representative of the corporation and not the member of the board,

regardless of whether the agent representing the corporation is a licensed bondsman.

Your third question asks when a judgment against a corporate surety becomes final. Article 22.10 of the Code of Criminal Procedure provides the following:

> When a forfeiture has been declared upon a bond, the court or clerk shall docket the case upon the scire facias or upon the civil docket, in the name of the State of Texas, as plaintiff, and the principal and his sureties, if any, as defendants; and the proceedings had therein shall be governed by the same rules governing other civil suits.

Article 22.14 of the Code of Criminal Procedure reads, in part, as follows:

> When, upon a trial of the issues presented, no sufficient cause is shown for the failure of the principal to appear, the judgment shall be made final against him and his sureties, if any, for the amount in which they are respectively bound. . . .

Section 14A of article 2372p-3, however, includes the following requirements:

> (a) Notwithstanding any law to the contrary, a corporation that is in default on five or more bail bonds in a county may not act as a bail bondsman in that county.
>
> (b) The clerk of the court in which the corporation is in default on a bail bond shall deliver a written notice of the default to the sheriff, chief of police, or other appropriate peace officer in the county in which the bond is forfeited.
>
> (c) <u>A corporation is considered in default on a bail bond from the time the trial court enters its final judgment on the scire facias</u> until the judgment is satisfied or set aside.  (Emphasis added).

Also, section 2 of article 17.11 of the Code of Criminal Procedure states that

> any person who has signed as a surety on a bail bond and is in default thereon shall thereafter be disqualified to sign as a surety so long as he is

in default on said bond. It shall be the duty of the clerk of the court wherein such surety is in default on a bail bond, to notify in writing the sheriff, chief of police, or other peace officer, of such default. A surety shall be deemed in default from the time the trial court enters its final judgment on the scire facias until such judgment is satisfied or set aside. (Emphasis added).

You indicate that your third question results from the fact that a corporate surety that is in default on five or more bail bonds in a county may not act as a bail bondsman in that county. Hence, we believe that the issue is not when the scire facias judgment against the surety is final but when the court enters its final judgment on the scire facias. See Burns v. Harris County Bail Bond Board, 663 S.W.2d 615, 616 (Tex. App. -- Houston [1st Dist.] 1983, no writ).

In 1978, the Texas Supreme Court said:

Judges render judgment; clerks enter them on the minutes. Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040 (1912). The entry of a judgment is the clerk's record in the minutes of the court. 'Entered' is synonymous with neither 'Signed' nor 'Rendered.' Bostwick v. Bucklin, 144 Tex. 375, 190 S.W.2d 818 (1945); Polis v. Alford, 267 S.W.2d 918 (Tex. Civ. App. - San Antonio 1954, no writ). The day a judge signs an order is frequently, perhaps usually, after the time the judgment is rendered and surely it is before the judgment is entered.

Burrell v. Cornelius, 570 S.W.2d 382, 384 (Tex. 1978). A recent court of appeals case, holding that a judgment is rendered when the decision is officially announced, quoted from Kittrell v. Fuller, 281 S.W. 575, 576 (Tex. Civ. App. - Dallas 1926, writ ref'd), as follows:

There is a distinction between the rendition of the judgment and its entry in the minutes of the Court; each representing a distinct occurrence of fact in the trial of a case. The judgment is that which the Court pronounces, and its rendition is the judicial act by which the Court settles and declares the decision of the law upon the matters at issue. The entry of the judgment is the ministerial act performed by the Clerk of the Court, and by means of which permanent evidence of the judicial act in rendering the judgment is made a record of the Court.

Abarca v. Roadstar Corp. of America, 657 S.W.2d 327, 328 (Tex. App. - Corpus Christi 1982, no writ). See also Morris v. State, 539 S.W.2d 215 (Tex. Civ. App. - Houston [1st Dist.] 1976, no writ); Rosenfield v. Hull, 304 S.W.2d 571 (Tex. Civ. App. - Texarkana 1957, writ dism'd).

Morris v. State, supra at 216, held that the term "entered" in article 5547-39a, V.T.C.S., providing that a person ordered committed could appeal an order of temporary hospitalization by filing written notice of appeal within five days after the "order is entered," referred to the ministerial act of the clerk in entering judgment in the minutes. Likewise, we conclude that the statutes providing that a corporate surety is in default on a bail bond "from the time the trial court enters its final judgment on the scire facias" refers to the time at which the judgment is entered in the minutes of the court. Of course, once a trial court enters a final judgment of default, a corporate surety can presumably suspend the execution of the judgment pending appeal by filing a supercedeas bond. Tex. R. Civ. P. 364(a). Like any judgment, a judgment revoking a license may be suspended when a supercedeas bond is filed. Tex. R. Civ. P. 364(e). Setting bond is ministerial and may be compelled by mandamus. Continental Oil Co. v. Lesher, 500 S.W.2d 183, 185 (Tex. Civ. App. - Houston [1st Dist.] 1973, no writ). An appellate court can review the bond for excessiveness. Tex. R. Civ. P. 365(b).

## S U M M A R Y

An individual who continues to be a licensed bondsman in the county does not forfeit his position as a member of the bail bond board by conveying to a third party a business which the individual previously operated under an assumed name. A corporation licensed in the county is a licensed bondsman which may be a member of a county bail bond board if elected by other county licensees. Such a corporation's representative on the board is an agent of the corporation and is not a member of the board in his individual capacity. A corporate surety is in default on a bail bond from the time of entry of the scire facias judgment in the minutes of the court.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Nancy Sutton