Thomas H. FELDERHOFF, Jr., Appellant,

v.

August FELDERHOFF et al., Appellees.

No. 17235.

Court of Civil Appeals of Texas,
Fort Worth.

June 18, 1971.

Rehearing Denied Sept. 10, 1971.

Stark & Barnhart, Gainesville, Woodruff, Kendall & Smith, and David M. Kendall, Jr., Dallas, for appellant.

Brown, Crowley, Simon & Peebles, and George A. Crowley, Forth Worth, for appellees.

## OPINION

MASSEY, Chief Justice.

Plaintiff, Thomas H. Felderhoff, Jr., was an employee of Felderhoff Brothers, a partnership in which his father was a general partner, and was injured while in the scope and course of such employment.

Plaintiff desisted from suing his father, but brought his suit against the partnership and other members, to-wit: August Felderhoff and Norbert Felderhoff. Plaintiff's action was for personal injury damages resulting because of his father's negligence. There was no claim of any intentional injury or of injury due to gross negligence or wanton misconduct. It was alleged that the named defendants were guilty of derivative negligence in several particulars, all of them stemming from the fact that in the cleaning of a combine machine preparatory to storage, the plaintiff's father, acting in the scope and course of his employment or as agent for his principal, caused the plaintiff to place his arm into a bin containing an auger, and, while the plaintiff was so engaged, negligently set the auger in motion so that it came into contact with and caught and injured plaintiff's arm.

Plaintiff attempted to adopt a method of legal procedure, as follows: he would seek damages from it or those who would be liable and responsible under the doctrine of *respondeat superior* as an entity or principal; with no attempt to seek any relief from his father, who as agent therefor was guilty of the negligent acts resulting in his injury. In other words he strove to establish a legal situation like unto that in Littleton v. Jordan, 428 S.W.2d 472 (Texarkana, Tex.Civ.App., 1968, error refused)

in which it was held that the administrator of a deceased minor's estate could recover of the employer of the father of such deceased because of the negligence of the father which resulted in his son's death, when he had brought suit against the employer and not the father.

The defendants moved for Summary Judgment. Theory of the defendants' prayer therefor was that under the circumstances the plaintiff could not maintain his suit because the action amounted to one against his father, the latter being a member of the partnership defendant. Following a hearing the court rendered judgment that plaintiff take nothing by his suit.

In making their Motion for Summary Judgment the defendants relied upon a former holding of this court. Aboussie v. Aboussie, 270 S.W.2d 636 (Fort Worth, Tex.Civ.App., 1954, error refused). Therein it was held that where the defendant partnership might, under altered circumstances, be liable and responsible in damages to an unemancipated minor child for injuries sustained while working as an employee for the partnership, the same thing would not be true where the minor's father was a member of the partnership. Essentially, the holding was that by necessary construction the suit would be by a minor against his father, hence contrary to the Texas public policy and for that reason not maintainable.

■ Recognizing the difficulties which might be attendant to the prosecution of his suit the plaintiff made preparation therefor by going into court and having his disabilities of minority removed. This was done after the legal situation controlling the case had arisen. It was arisen at the moment of plaintiff's injury simultaneous with the occurrence of the negligence which occasioned the injury. The consequences flowing therefrom would all relate to such time despite their subsequent development.

Plaintiff suggests that his subsequent emancipation enabled him to bring and

maintain the action. The Supreme Court of Oklahoma, under similar circumstances, held to the contrary, and we agree with that court. Tucker v. Tucker, 395 P.2d 67 (Okl.Sup., 1964). See cases under 19 A. L.R.2d 423, Annotation: "Liability of parent or person in loco parentis for personal tort against minor child", and, at p. 438 under Sec. 8 thereunder, "Child emancipated".

Plaintiff contends that, in any event, the decision in the instant case would not be controlled by Aboussie because of the subsequent adoption of the Texas Uniform Partnership Act (Vernon's Ann.Civ.St., Art. 6132b). He asserts that a proper construction of the (necessarily implied) provisions of the Act would be such as to require the treatment of a partnership as an entity separate and apart from its members, and not as an aggregate of its members. To do so would enable plaintiff to maintain his suit against the partnership, considered as an independent entity.

As persuasive authority plaintiff cites Hudgens v. Bain Equipment & Tube Sales, Inc., 459 S.W.2d 873 (Corpus Christi, Tex.Civ.App., 1970, no writ hist.). That was a case determining a question of venue as applied to a suit against a partnership for damages flowing from its breach of contract. For venue purposes the partnership was held to have been properly considered as an entity as an *association* within the meaning of V.A.T.S., Art. 1995, "Venue", Subdivision 23, "Corporations and associations", wherein it is provided that suits against such are maintainable in the county where the cause of action or part thereof arose.

In Hudgens the author of the opinion quoted from "Source and Comments" concerning the Texas version of the Act, prepared by Professor Alan R. Bromberg (Vol. 17, Vernon's Civil Statutes of Texas, Annotated, p. 300). We will do likewise. In part Professor Bromberg wrote:

" 'The Uniform Partnership Act leans heavily toward the entity idea, which accords with business usage. The Texas version goes even further.

" 'The only significant aggregate feature of the Act is the joint and several liability of partners (§ 15). Even this is phrased as liability for the obligation "of the partnership".

" 'In contrast, entity notions permeate the Act, particularly four critical areas: (See text for discussion)' ".

█ The very authority upon which the plaintiff founds his premise in contending that the partnership defendant should be considered as an entity—thus making the circumstance before us distinguishable from that in Aboussie—makes it apparent that there is no difference, and hence no change in the law applicable. The plaintiff's objective is to establish the partnership's liability for the payment of damages for negligent tort; and it necessarily follows that the liability of the several partners for the payment of damages for the same negligent tort is likewise involved as a necessarily included part of the objective.

The contention is overruled.

Re: Aboussie, the plaintiff alternatively suggests a reconsideration of the principles discussed in the opinion by Justice Renfro, former member of this Court. Rather logically, we think, his question is posed: "Is it realistic to urge that a father, in the preservation of his family, would prefer that his son not be compensated for his severe injuries and yet provide, by insurance, that a stranger be compensated should he sustain injury under identical circumstances?"

It is not for this intermediate court to make a holding contrary to law our Supreme Court establishes by its own decision and holding or by placing its "stamp of approval" through the notation "Writ of Error refused" upon a declaration of law by a Court of Civil Appeals. This is true whether the declaration of law, thus approved, is pursuant to our own prior opin-

ion or that of any of the other Courts of Civil Appeals of Texas.

The parties have exhaustively briefed the law and. the discussions of scholars in this and other jurisdictions, with special emphasis upon those written since our opinion in Aboussie.

Judgment is affirmed.