**John W. HANEY, Appellant,**

v.

**FENLEY, BATE, DEATON, AND PORTER, Appellee.**

No. 8460.

Court of Civil Appeals of Texas, Beaumont.

June 19, 1980.

Rehearing Denied July 3, 1980.

E. M. Schulze, Jr., Huntsville, for appellant.

Gregg Owens, Lufkin, for appellee.

KEITH, Justice.

Two questions are presented by this venue appeal—one factual, the other legal: (1) Did plaintiff establish the existence of a partnership by proof at the venue hearing? and, if so, (2) Is a partnership an "association" under *Subdivision 23, Art. 1995, Tex. Rev.Civ.Stat.Ann. (1964)*? We answer both questions in the affirmative and affirm the judgment for the reasons now to be stated.

Plaintiff is a law firm in Lufkin, the members of which were retained by the defendants, John Haney and Craig Canon, to perform legal services in connection with the building of several townhouses in Lufkin. When defendants failed to pay the second invoice submitted, suit was instituted. Both defendants filed pleas of privilege

but that of Canon was not controverted and the cause as to him was transferred to Dallas County.

Haney's plea of privilege included a denial of the partnership and plaintiff relied upon subdivision 23 of the venue statute to retain venue in county of suit. Upon the hearing it was established without dispute that plaintiff had performed the work for the two individual defendants at their request; that the first invoice sent out to the defendants had been paid. The second invoice, the one forming the basis of this suit, was not paid. However, Haney—our appellant—wrote to plaintiffs promising to pay.[1]

Plaintiff offered testimony to the effect that the defendants were operating together trying to make a success of the project in Lufkin and that the lawyer handling the transaction was led to believe that Canon and Haney were partners.[2] Haney testified that he and Canon were co-owners of the land and intended to construct the townhouses for profit and engaged in activities to that end before their deal failed.

The trial judge was the sole trier of the facts and observed the demeanor of the witnesses at the hearing. His implied finding was to the effect that the plaintiff had discharged its burden of establishing the existence of a partnership and we do not, from our review of the record, find error in so holding. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609, 613 (1951), and its progeny. Defendant's second point of error complaining of the factual sufficiency of the evidence is overruled.

The second question has been answered by the opinion in *Hudgens v. Bain Equipment & Tube Sales, Inc.*, 459 S.W.2d 873, 875 (Tex.Civ.App.—Corpus Christi 1970, no writ), where the Court framed the inquiry in these words:

"The issue here is whether such partnership is to be considered as an 'association' for venue purposes under Sec. 23."

In a scholarly opinion, the late Chief Justice Green examined and rejected the contentions now urged upon us by the defendant in the case at bar, and chose the "entity theory".

We follow the holding in *Hudgens*, supra, where the theory of liability was expressed in this manner:

"Art. 6132b § 6(1), defines Partnership as 'an association of two or more persons to carry on as co-owners a business for profit.' We hold that appellants, d/b/a Traders Oil & Royalty, constitute an 'association' within the provisions of Sec. 23, Art. 1995. The trial court properly overruled the plea of privilege." (459 S.W.2d at 876)

The judgment of the trial court is Affirmed.

---

1. Dated September 12, 1978, the handwritten note read:

"Dear Bill: Your bill will be paid in next 30 days, along with any finance charges you feel necessary. Thanks for your patience. Please cancel the Townhouse Association. Thanks, John Haney."

2. The lawyer, in answer to a question as to representations made as to who would pay his bill, testified:

"Well, that they [Haney and Canon] would as a partnership or individually. That they would individually or as a partnership be liable for the incurring of the fees and expenses in connection therewith."