## BUBBLE UP BOTTLING CO. v. LEWIS.
### No. 2275.

Court of Civil Appeals of Texas. Eastland.
June 12, 1942.

Rehearing Denied July 10, 1942.

Marshall & King, of Graham, for appellants.

Scarborough, Yates & Scarborough and A. A. Heathington, all of Abilene, for appellee.

FUNDERBURK, Justice.

E. R. Lewis brought this suit in Taylor County against J. M. Graham and W. G. Drummond, residents of Young County,

seeking to establish liability of the defendants, as partners doing business under the firm name of Bubble Up Bottling Company, for damages for personal injuries sustained by plaintiff as the result of an explosion of a bottle of Bubble Up. Plaintiff, in his first amended original petition, alleged that the bottle which exploded "was bottled and distributed by the defendants with an excess quantity of pressure on the inside; that such pressure was greatly in excess of that required or needed for carbonated beverages and was of sufficient quantity to cause the bottle to explode when touched at a normal atmospheric temperature, and that such pressure was greater than the capacity of the bottle in question to withstand under the circumstances, and was greater than any such ordinary bottle could have withstood. Plaintiff says that the defendants were negligent in bottling said bottle of beverage with such excess quantity of pressure and that the defendants were negligent in delivering said bottle with such excess pressure to the plaintiff, and that each and all of such acts of negligence were the direct and proximate cause of the injuries and damages sustained by the plaintiff herein."

The defendants, having duly filed their pleas of privilege, plaintiff, by controverting plea, sought to sustain venue under exceptions 9 and 23 to the general rule of venue. R.S.1925, Art. 1995, Vernon's Ann. Civ.St. Art. 1995. In his controverting plea, and as relating to exception 9, plaintiff alleged that "The court has venue to try this cause under subdivision 9 of Art. 1995, R.S. of 1925, in that the defendants as alleged in plaintiff's First Amended Original Petition did on or about the date alleged sell and deliver to this plaintiff a bottle of carbonated beverage known as Bubble Up, which had been manufactured and bottled by the defendants and which said bottle contained an excess amount of pressure on the inside over and above any need or required amount for beverage purposes and in such quantity as to be beyond the capacity of the bottle in question to contain the same under ordinary temperature conditions and when handled in the ordinary manner, and which said bottle of Bubble Up exploded from the pressure inside of said bottle while the plaintiff was handling the same in a careful manner and resulting in inflicting serious and painful injuries on the plaintiff from the fragments of glass produced by the explosion, the manner of said explosion being more particularly described in plaintiff's petition and the *act of the defendants in delivering the said bottle to the plaintiff constitutes a crime, offense and trespass* within the meaning of the venue law, and directly and proximately caused the injuries and damages complained of by the plaintiff herein." (Italics ours.)

As relating to exception 23, plaintiff's said controverting plea alleged that "the court has venue to try this cause under section 23 of the venue statutes in that the defendants constitute an association within the meaning of such statute and in that the cause of action or a part thereof arose in Taylor County, Texas, as fully set forth and described in plaintiff's petition filed herein."

From the judgment of the court overruling their pleas of privilege, defendants have appealed. The parties will be referred to as plaintiff and defendants, the same as in the lower court.

We readily conclude that the venue was not, under the pleadings or evidence, sustained under exception 23. The suit as shown by plaintiff's petition—"the best and all sufficient evidence of the nature of an action"—was not one against an association. An "association" as the word is used in exception 23 means, we think, a legal entity which has the capacity to be sued as such. The assumption would seem a reasonable one that "association" means the same as in R.S.1925, Art. 6133, which provides that "any * * * association, whether foreign or domestic, doing business in this State, may sue or be sued in any court of this State having jurisdiction of the subject matter in its * * * distinguishing name; and it shall not be necessary to make the individual * * * members thereof parties to the suit." According to plaintiff's petition, defendants constituted a simple partnership. "In Texas, in harmony with the general common law rule, a partnership is suable and may sue, not as an entity by its firm name, but only by or in the names of the partners composing the firm." 32 Tex.Jur. p. 375, sec. 100.

The next question is whether under the pleadings and evidence the judgment overruling the pleas of privilege was proper on the ground that the suit was one based upon a trespass committed in Taylor County. Plaintiff, as appears from

the above statement of the case, purportedly, or in form, alleged two grounds of recovery. In substance and effect, however, only one ground of recovery was alleged. If as alleged "defendants were negligent in bottling said bottle of beverage with such excess quantity of pressure" and if that was a proximate cause of plaintiff's injuries, then the act of "delivering said bottle with such excess pressure to the plaintiff" was not an independent ground of recovery. The only wrong inherent in the latter action was the same wrong alleged in the first ground of recovery. To constitute the act of *delivering* the bottle to plaintiff negligence in itself independent of the negligence first charged and itself a proximate cause of the injuries, it would have been necessary for plaintiff to have alleged one or more additional elements; such, for example, as that delivery of the bottle was made with knowledge that it was dangerously overcharged. The allegations of plaintiff's petition presented, of course, issues relating to liability and not to venue, except as the controverting plea by reiteration or adoption retendered such issues of liability as issues of venue. Plaintiff's controverting plea stated that "plaintiff hereby refers to his First Amended Original Petition filed herein and adopts the same as part hereof and says that the matters and things stated in said petition are true and correct and by reason of such matters alleged this court has venue to try this cause."

According to plaintiff's controverting plea, only one of the two grounds of recovery in form alleged in the petition as constituting two different acts was averred to constitute a trespass, namely, selling and delivering the bottle of Bubble Up to plaintiff. Only by the reference to, and adoption of, the allegations of plaintiff's petition does it appear that the manner of delivery asserted was by an alleged agent or the place of delivery was in Taylor County. The petition alleged that "on or about said date, [October 12, 1940] the defendants herein, through their agent, servant and employee, delivered a quantity of about 24 bottles of Bubble Up to the plaintiff; that the Bubble Up was delivered to plaintiff's place of business at 5th and Pine Streets where the said beverage was placed on the floor of plaintiff's place of business," etc. Other allegations showed such place of business to be in Taylor County. Thus did the pleadings, by express averments and the reasonable implications thereof, notify defendants that the only act relied upon to constitute a trespass was the act of *delivering* the Bubble Up to plaintiff in Taylor County and that such delivery was made by an "agent, servant and employee" of defendants.

In view of the foregoing this question here suggests itself: What were the venue facts tendered as issues by plaintiff's controverting plea? In the recent decision in Brown Express, Inc., v. Arnold, Tex.Com.App., 157 S.W.2d 138, the court declared that when venue is sought to be sustained on the ground that the suit is one based upon a trespass committed by an agent in the county where the suit is brought, the venue facts necessary to be alleged and proved are: (1) that the act of the alleged agent (servant) constituted a trespass; (2) that the alleged agent was in fact an agent; and (3) that when he committed the trespass he was acting in the course of his employment. According to that decision the pleadings in this case failed to allege two essential venue facts, namely, (1) that the "servant, agent and employee" committed a trespass and (2) that in committing a trespass he was acting in the course of his employment.

As to the evidence, while it identified the alleged "agent, servant and employee" as Tim Spurrier, and it was undisputed that Tim Spurrier delivered the bottle of beverage to plaintiff in Taylor County, there was, we think, no evidence to raise any issue that Spurrier made such delivery for, or as the act of defendants; or, in other words, as "the servant, agent and [or] employee" of defendants. Testimony to the effect that Spurrier used for making such delivery a truck body with the words "Bubble Up Bottling Company" across the top of it would, perhaps, if unexplained, give rise to a presumption sufficient in lieu of evidence to raise or even conclude the issue that Spurrier was a servant of defendants; but when further positive evidence showed, as it did, that Spurrier himself owned the truck, that he borrowed the bed from defendants and he himself, as his own idea, had the name of the company painted on it, the otherwise existing presumption disappeared and no longer existed to supply the absence of essential evidence. Empire Gas & Fuel Co. v. Muegge, 135 Tex. 520, 143 S.W.2d 763.

Taking all the evidence most strongly in favor of plaintiff, it is just as reasonably inferable—if not more so—that Spurrier was only a dealer who bought his bottled drinks from defendants and was independent of any control or direction of defendants as to when or where, within a number of counties (including Taylor County), he should sell or deliver such merchandise; or upon what terms or to whom he should sell it, as that in selling or delivering the same he was acting as the servant, agent or employee of defendants. Evidence of such nature does not raise an issue of fact to be determined by the jury. Texas Pac. Fidelity & Surety Co. v. Hall, Tex.Civ. App., 101 S.W.2d 1050, and authorities there cited.

■ The conclusion would seem to be inescapable that if, as alleged, the trespass was the act of *delivering* the bottle of Bubble Up to plaintiff in Taylor County, and that such trespass was committed only by a servant, agent or employee of defendants, then for the reasons above set forth, the venue was not sustained under exception 9.

But plaintiff by the brief of his attorneys has not, as we understand it, sought to support ·the court's judgment upon the theory that the act of *delivering* the bottle by Spurrier constituted the trespass relied upon to sustain the venue. Rather, the judgment is sought to be sustained upon the theory that defendants were negligent in overcharging the bottle (which under the undisputed evidence occurred in Young County) and that when the bottle exploded in Taylor County with the consequent injuries to plaintiff, the explosion or the injuries constituted the consummation of a trespass by defendants committed in Taylor County. Under this theory it would be of no controlling importance, of course, who delivered the bottle to plaintiff and therefore of no importance whether the one making such delivery was a servant, agent or employee of defendants, or if so, was acting in the course of his employment. In other words, the trespass sought to be shown would upon that theory be the trespass of defendants themselves, and not that of a servant or employee for whose trespass they were sought to be held liable under the doctrine of respondeat superior.

■ The modern habit of condoning deficiencies in pleadings suggests the advisability of our giving consideration to this theory. At the threshold of the inquiry this question arises: Was the alleged act of overcharging the bottle the real wrong constituting an element of the trespass sought to be shown, or was that merely the result of some precedent wrongful act or omission? We are still of the opinion expressed in Metzger Dairies v. Wharton, 113 S.W.2d 675, 677, that the "question of venue is not to be controlled * * * by the form of averments as showing active or passive negligence." The reason for so saying is, as there stated: "If so, the venue in a negligence case could perhaps always be pre-determined by the mere matter of form of pleading." That the act of dangerously overcharging the bottle could constitute an element in a trespass is, of course, quite true. For example, if in charging the bottle defendants knew they were dangerously overcharging it, the mere delivery of the bottle to a third person, or permitting it to be delivered, might constitute an element of trespass. So, also, if an affirmative wrongful act resulted in the bottle being dangerously overcharged, such act might be an element of a trespass. But, suppose the bottle was dangerously overcharged but only as the result of defendants' omission to take some precautionary action which the exercise of due care required. May plaintiff by merely alleging and proving the result in the form of a positive or affirmative act thereby establish an essential element of a trespass committed by defendants? We think not. All actionable negligence involves a breach of duty to the injured party. Independent Eastern Torpedo Co. v. Carter, Tex.Civ.App., 131 S.W.2d 125, and authorities there cited. Under the law of negligence, duties owing by one to another are violated by acts or by omissions, or perhaps by combinations of both. When the manner or means of violating a duty is an act, and not an omission or failure to act, it is considered that such act may be an element of a "trespass" within the meaning of that word as employed in exception 9 to the general rule of venue. Whether a duty has been violated by an act or has been violated by an omission (failure to act) may, in a given case, generally be determined from the nature of the duty. Manifestly, if performance of the duty consists of positive or affirmative action, it is violated by inaction; if such performance consists of inaction it is violated by action contrary to the duty. Defendants, engaged in the business of bottling carbonated drinks for sale and

for use by the public, were under the duty to each dealer or consumer handling a bottle, to take such precautions as were reasonably necessary to avoid injuries resulting as in this case.

■ If it be assumed there was evidence to support a conclusion that the bottle in question had an excess of internal pressure, there was, nevertheless, in the absence of any evidence that defendants did anything designed to have that effect, or had any knowledge of the fact, it is just as reasonably inferable that their wrong, if any, was an omission to employ some precautionary measure as that the excess pressure resulted from affirmative action. That the wrong, if any, was not the act of bottling the beverage appears more plainly probable when it is considered that there were 24 bottles in the case delivered, but only one exploded. Presumably since defendants were shown ·to be engaged in the business they put out thousands of such bottles. There was no wrong in the act of bottling beverages for sale and delivery to dealers and through them to the public. In the process of bottling there may have been some omission to employ precautionary measures or there may have been affirmative wrongful acts rendering the bottled beverage unsafe, but, if so, the evidence does not show that such was the fact, or if it was one or the other, which of them it was.

For purposes of establishing *liability* it would perhaps be immaterial whether the excess pressure in the bottle resulted from an act or omission provided it could be shown that it was one or the other. But for the purpose of establishing proper venue in Taylor County it was necessary to show that the condition resulted from an act and not an omission.

■ Finally, we are of the opinion that there was no evidence that the bottle was charged with excess pressure. According to plaintiff's own testimony, he had placed the bottle in the cooler when it was warm after it had been brought on a truck from Graham, Texas, and that when it exploded it was cold. It is a scientific fact of common knowledge, of which this court takes judicial cognizance, that if the bottle was cold, as testified to by plaintiff, the internal pressure was materially less than it was when it was warm. If the bottle was so highly charged with pressure as to render it liable to explode for that reason only,

then it is inconceivable that, it not having exploded with the handling by which it reached plaintiff and was by him placed in the cooler when the bottle was comparatively warm, it did explode for that reason when the bottle was cold. In other words, it was alleged that the bottle was charged with pressure beyond the capacity of the bottle to contain it, and by plaintiff's own testimony, in the light of a scientific fact, the capacity of the bottle was proved to have been greater than the pressure in the bottle at the time it exploded. Hence, the explosion must have resulted from some other cause.

■ It may be doubted if there was any evidence excluding all other knowable causes of the explosion, but whether so or not, that would not, in our opinion, warrant the inference of a cause impossible as a scientific fact of common knowledge. We held such evidence of the character such as may be thought to sustain the necessary inference in this case, when opposed to a scientific fact, to be insufficient in San Antonio Public Service Co. v. Fraser, Tex.Civ.App., 70 S.W.2d 232.

It is our conclusion that the judgment should be reversed and the cause be transferred to the district court of Young County. It is so ordered.