## HEID BROS. v. MUELLER–HUBER GRAIN CO.

No. 4412.

Court of Civil Appeals of Texas. El Paso.
Oct. 26, 1944.

Rehearing Denied Nov. 16, 1944.

R. A. D. Morton, of El Paso, for appel-lant.

Boyle, Wheeler & Gresham, of San Antonio, and Kemp, Smith, Goggin & White, of El Paso, for appellee.

McGILL, Justice.

This is an appeal from an order of the El Paso County Court at Law sustaining a plea of privilege filed by "H. Mueller, F. W. Huber and B. G. Mueller, constituting the partnership firm of Mueller-Huber Grain Company," to be sued in Bexar County. Appellant, a corporation, sued appellee Mueller-Huber Grain Company, as an unincorporated association, having its principal place of business and general agent in Bexar County. The suit was to recover $640 as damages for breach of a contract for the sale of five cars of oats. by appellee to appellant. Appellant alleged that the contract was consummated by a. telegram sent by it to appellee from El

Paso, Texas, on September 21, 1943, by which it accepted appellee's quotation and offer contained in a telegram dated September 20, 1943, quoting the oats at 96 cents per bushel for delivery at Fort Clark, Texas, and sent to appellant at El Paso, Texas.

In due time a plea of privilege was filed by H. Mueller, F. W. Huber and B. G. Mueller, the first paragraph of which is as follows: "Now come H. Mueller, F. W. Huber and B. G. Mueller, constituting the partnership firm of Mueller-Huber Grain Company, and file this their plea of privilege, showing to the Court as grounds therefor, the following:"

The plea contained all the requisites prescribed by Rule 86, Texas Rules of Civil Procedure, for a plea of privilege to be sued in the county of one's residence, alleging that "the county of the residence of each of these defendants H. Mueller, F. W. Huber and B. G. Mueller" at all relevant times was Bexar County.

By its controverting plea, appellant sought to sustain venue in El Paso County under Subdivision 23 of Article 1995, R. C.S., Vernon's Ann.Civ.St. art. 1995, subd. 23. It alleged that the suit was for breach of a contract made in El Paso County, hence that its cause of action, or a part thereof, arose in El Paso County; that appellee was an unincorporated association, a legal entity, subject to suit under Rule 28, Rules of Civil Procedure, and within the meaning and purview of Subdivision 23, Article 1995, R.C.S., supra.

Trial was to the Court and, as indicated, the plea of privilege was sustained, and the suit transferred to the County Court at Law No. 1 of Bexar County.

Error asserted is that appellee, the legal entity sued, filed no plea of privilege, the plea being filed by three individuals not sued; and that appellee, sued as an unincorporated association, was amenable to venue in El Paso County under Subdivision 23 of Art. 1995, R.C.S., and therefore the court erred in sustaining the plea and changing the venue to Bexar County.

No findings of fact appear in the record. From the statement of facts the evidence is ample to show that the contract for sale of the oats was consummated as alleged; that prior to its consummation, and at all relevant times thereafter, appellee was a partnership firm composed of H. Mueller, F. W. Huber and B. G. Mueller; that it had never issued any stock or stock certificates or ownership certificates; had never had any stockholders, directors, president, vice president, secretary, treasurer, general manager, trustees, or officers of any kind, but that the affairs of such partnership were managed and conducted by the partners above named, each and all of whom at all relevant times were residents of Bexar County.

Rule 28, Rules of Civil Procedure, is as follows: "Suits in Assumed Name. A partnership or other unincorporated association, or an individual doing business under an assumed name, may sue or be sued in the partnership, assumed or common name for the purpose of enforcing for or against it a substantive right."

The applicable portion of Subdivision 23 of Article 1995, R.C.S., as amended, is: "Corporations and Associations. Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose."

Prior to the adoption of Rule 28, venue in suits against a partnership was fixed in the county of residence of the partners, or of one of them, under Subdivision 4 of Article 1995, supra. 32 Tex.Jur., Sec. 98, p. 372, and cases cited. There could be no suit against the partnership as a legal entity since the common-law rule that a partnership is only a contractual status existing between the several persons who compose it, prevailed. Allison v. Campbell, 1 S.W.2d 866; 32 Tex.Jur., Sec. 5, p. 221, and cases cited.

■■■■ Whether the partnership be regarded as a legal entity created by Rule 28, separate and distinct from the partners who compose it, or merely as a contractual status between the partners, it can have no residence for venue purposes other than the residence of the partners, in the absence of a residence prescribed by statute. There is a well-recognized distinction between "residence," as used in our venue statute, and the principal office or place of business of a partnership. E. I. Du Pont de Nemours Powder Co. v. Jones Bros., D. C., 200 F. 638. Therefore, though the plea of privilege be filed by the legal entity, the only basis for it is the residence of the partners. If this were not so, there could be no valid plea of privilege by a partnership, the legal entity, to be sued in the county of its residence, since apart from the

residence of the partners the legal entity has no residence. Prior to the adoption of Rule 28, a plea of privilege by one of the partners was insufficient to change the venue in so far as the suit involved the partnership property, one of the other partners having answered to the merits. Sanger Bros. v. Overmier & O'Neil, 64 Tex. 57. And if one partner waived his privilege, the suit was maintainable as to the partnership property in the county where brought, although the other partners were residents elsewhere and pleaded their privilege. 32 Tex.Jur., Sec. 98, p. 373. Whether under Rule 28 a plea of privilege filed by one partner in behalf of the partnership is now sufficient to warrant a change of venue for the legal entity, the other partners having answered to the merits, may be questioned. Here the plea was made by all the partners constituting the firm. To hold that it was not made by the firm, the legal entity sued, or on its behalf, when it was made by all the partners and set up all the facts which the firm could have set up to warrant a change of venue, would be to disregard substance and look only to form. It may be conceded that a better form of the plea would have been "Now comes Mueller-Huber Grain Company, a partnership composed of H. Mueller, F. W. Huber and B. G. Mueller, and files this its plea of privilege." Appellant made no complaint as to the form of the plea. It, therefore, waived any defect as to its form. Rule 90, Rules of Civil Procedure.

■ The plea was unquestionably filed on behalf of the partnership, the legal entity created by Rule 28, by all the partners authorized to file it. It was sufficient to put in issue the question of venue as to the partnership entity.

■ The contract sued on was made in El Paso County, since the quotation and offer by wire to sell the oats was accepted there. Hence a part of appellant's cause of action arose in El Paso County within the purview of Subdivision 23, Art. 1995, supra. Mercantile Securities Co. v. Taylor, Tex.Civ.App., 60 S.W.2d 1059, at page 1060, par. 1; Waggoner v. Edwards, Tex.Civ. App., 68 S.W.2d 655, at page 658, pars. 1–3; Stanolind Oil & Gas Co. v. Christian, Tex.Civ.App., 64 S.W.2d 363, at page 364, pars. 1–3.

The only remaining question is, whether appellee is an "association" within the meaning of this subdivision.

■ The evidence was ample to support a finding—and in support of the order it will be presumed that the court found—that at all relevant times appellee was an ordinary partnership composed of H. Mueller, F. W. Huber and B. G. Mueller, having none of the above-outlined characteristics pertaining to unincorporated joint stock companies or associations referred to in Chap. 2 of Title 105, Article 6133 et seq., R.C.S.

In Bubble Up Bottling Co. v. Lewis, Tex. Civ.App., 163 S.W.2d 875, it was held that such a "simple" partnership was not an "association," as that term is used in Subdivision 23; that an association as there used means a legal entity which has the capacity to sue and be sued as provided by Article 6133, supra. Rule 28 was not mentioned or referred to, although it was in effect when that opinion was delivered on June 12, 1942. It does not appear from the opinion when the plea was filed.

In Mims Bros. v. James, Tex.Civ.App., 174 S.W.2d 276, at page 278, the court said that "The effect of this rule was, we think, to treat the partnership as such a legal entity, at least to the extent of obtaining and enforcing a judgment by or against it." We concur in this view, but think that Rule 28 stops there.

■■ After the opinion in Bubble Up Bottling Co. v. Lewis, supra, was handed down, the Legislature amended Subdivision 23 of Article 1995, but made no change with respect to the word "association" there employed. Acts 1943, 48th Leg. p. 350, Ch. 228, Sec. 1, Vernon's Ann.Civ.St. art. 1995, subd. 23. It will be presumed that the word was used in the amended statute with the judicial construction theretofore given it. That construction definitely excluded ordinary partnerships, such as appellee, prior to the adoption of Rule 28, and unless the facts on which the opinion in Bubble Up Bottling Co. v. Lewis is based arose prior to its adoption, that decision, by necessary implication, approved a construction which excluded such partnerships after its adoption.

Any doubt as to the effect of Rule 28 on the amended statute is removed by Rule 816, Rules of Civil Procedure: "Jurisdiction and Venue Unaffected. These rules shall not be construed to extend or limit the jurisdiction of the courts of the State of Texas nor the venue of actions therein." A construction which would sanction the inclusion of an ordinary partnership, such

as appellee, within the meaning of the word "association," as employed in Subdivision 23, would necessarily extend the venue prescribed by that statute as construed prior to the adoption of Rule 28. Such construction is expressly prohibited by Rule 816.

The judgment sustaining the plea of privilege and transferring the suit to the County Court at Law No. 1 of Bexar County is in all respects affirmed.