**Michael Earl MALONE, Appellant,**

v.

**Patricia SHOEMAKER et vir, Appellees.*** 

**No. 1349.**

Court of Civil Appeals of Texas, Tyler.

May 22, 1980.

* *Editor's Note:* The opinion of the Court of Civil Appeals of Texas in *Lopez v. University Interscholastic League of Texas*, published in the advance sheets at this citation (597 S.W.2d 473), was withdrawn from the bound volume publication at the request of the court.

John Cornyn, III, Groce, Locke & Hebdon, San Antonio, for appellant.

Jonathan Yedor, Johnson & Christopher, San Antonio, for appellees.

MOORE, Justice.

This is a venue suit. The appeal is from an order overruling a plea of privilege. The parties will be designated as they were in the trial court.

Plaintiffs, Patricia Shoemaker, joined by her husband, brought suit against Michael Earl Malone, a resident of Caldwell County, Texas, in the 131st District Court of Bexar County, for damages growing out of injuries sustained by Mrs. Shoemaker in an automobile collision. Plaintiffs alleged that defendant was guilty of negligence in several respects in driving his automobile into the rear end of the automobile operated by Mrs. Shoemaker while she was stopped at a signal light waiting to make a left turn. The accident took place in Bexar County, Texas.

Defendant timely filed his plea of privilege to be sued in Caldwell County, the place of his residence. Plaintiffs duly filed their controverting affidavit under Rule 86, Texas Rules of Civil Procedure. The controverting affidavit contained a paragraph in which plaintiffs denied under oath the truth of the allegations in the plea of privilege to the effect that no exception to the exclusive venue in the county of defendant's residence existed in said cause. The controverting affidavit also recited the filing of plaintiffs' petition and immediately thereafter states as follows:

"A copy of the petition is attached, marked Exhibit 'A', and by reference made a part hereof."

The controverting plea also contained the following allegations:

"Plaintiff alleges that an exception to exclusive venue in the County of Defendant's residence is contained in Article 1995, Subdivision 9a, of the Texas Revised Civil Statutes. As alleged in the Plaintiff's petition this is an action to recover for personal injuries suffered in an automobile accident which occurred in the City of Kirby, Bexar County, Texas, on January, 1977. The injuries suffered by Plaintiff, and for which she seeks recovery, were proximately caused by the negligence of the Defendant in the operation of his motor vehicle."

Plaintiffs' petition, which was attached to the controverting affidavit, alleged that the collision occurred in Bexar County, Texas, and defendant was a resident of Caldwell County, Texas. After alleging the facts surrounding the collision, the petition alleged that defendant was guilty of negligence proximately causing the collision in the following respects: (1) driving at an excessive speed; (2) failing to keep a proper lookout; (3) failing to timely apply his brakes; (4) failing to turn his automobile so as to avoid a collision; and (5) driving too close to the rear of plaintiffs' automobile.

Trial of the venue issues was before the court sitting without a jury. After both sides had rested, but before the trial court rendered judgment, defendant filed a motion styled "MOTION OF DEFENDANT TO HOLD PLAINTIFFS' CONTROVERTING PLEA WHOLLY INSUFFICIENT AND TO SUSTAIN DEFENDANT'S PLEA OF PRIVILEGE." The motion alleged that the controverting plea filed by plaintiffs was fatally defective inasmuch as it did not set out the facts upon which plaintiffs relied to retain venue in Bexar County as required by Rule 86 of the Texas Rules of Civil Procedure. In essence, the motion alleged that plaintiffs' controverting plea did not properly adopt plaintiffs' petition and therefore did not evidence a clear intention to swear to the truth of the factual allegations on which plaintiffs intended to rely to retain venue in Bexar County, Texas, and that the controverting plea, standing alone, amounted to nothing more than mere conclusions and opinions. After the foregoing motion had been denied, the trial court entered an order overruling defendant's plea of privilege, finding that venue was properly laid in Bexar County, Texas, from which judgment and ruling defendant perfected this appeal.

We affirm.

Under the first point of error, defendant seeks a reversal on the ground that plaintiffs' controverting affidavit is fatally defective in that it did not plead the necessary venue facts on which plaintiffs rely to maintain venue in Bexar County, Texas. Defendant's primary contention is that the controverting affidavit is defective in that the language used by plaintiffs, in attempting to adopt their petition as a part of the controverting affidavit, does not unequivocally state that the allegations of the petition were adopted and made a part of the controverting affidavit for all purposes as if copied verbatim therein. Defendant argues that even though the jurat attached to the controverting plea reflects that plaintiffs swore that the facts set forth in such plea were true, since the petition was not made a part of the controverting plea, the same is fatally defective in that the remaining portion does not specifically set out the grounds relied on to confer venue in Bexar County.

We recognize the well-established rule of law, relied upon by defendant, that in venue cases a controverting affidavit to a plea of privilege must specifically set forth the grounds on which he seeks to maintain venue in the county where he has filed suit. Tex.R.Civ.P. 86. The rule is satisfied, however, where the controverting affidavit contains sufficient allegations within itself, or by appropriate reference, to a pleaded cause of action triable in the county where the suit is filed. Tex.R.Civ.P. 58; *Cogdell v.*

*Martin*, 176 S.W.2d 982 (Tex.Civ.App.—Fort Worth 1943, no writ). Where the allegations contained in the petition are sought to be incorporated by reference, the reference must be sufficient to show that the party intended to swear to the truth of the matters alleged in the petition. To meet the requirement of Rule 58, it was necessary for the controverting plea to unmistakably allege that the party who swore to such plea made the petition a part thereof, and thereby swore to the essential facts embodied in the petition. *H. E. Butt Grocery Co. v. Vaught*, 413 S.W.2d 940 (Tex.Civ.App.—San Antonio 1967, writ dism'd), citing *A. H. Belo Corp. v. Blanton*, 133 Tex. 391, 129 S.W.2d 619 (1939).

In 59 Tex.Jur.2d *Venue* sec. 171, at 638–39 (1964), the rule is stated thusly:

> "Where the controverting plea refers to the petition *and makes it a part thereof*, this is sufficient." (Emphasis supplied.)

■ In the instant case, plaintiffs alleged in their controverting plea that: "A copy of the petition is attached, marked Exhibit 'A', *and by reference made a part hereof*." (Emphasis supplied.) In our view the foregoing statement unmistakably shows that the petition was made a part of the controverting plea. The jurat attached to the controverting plea states that the affiant had read the controverting plea and that the facts set forth therein were true. We think the statement in the controverting plea that the petition is "made a part hereof" must be construed to mean that the petition in its entirety was adopted as an integral part of the controverting plea and that the affiant therefore swore to the allegations of the petition. We reject the notion advanced by defendant that the controverting plea shows no more than an intention to swear to the fact that the petition has been incorporated in their controverting affidavit.

The procedure followed by plaintiffs in this case was held sufficient in *H. E. Butt*

*Grocery Co. v. Vaught*, supra, and also in *Cox v. Cox*, 304 S.W.2d 175 (Tex.Civ.App.—Texarkana 1957, no writ). We hold that the reference to the petition contained in the controverting affidavit was sufficient to unmistakably show its adoption by reference even though the magic words "adopted" or "incorporated" were not used.

■ By the second and final point, defendant contends that the court erred in overruling his plea of privilege because there is no evidence that the accident in question occurred as a result of any negligence on his part.

The uncontroverted testimony shows that while stopped prior to making a left turn into a school parking lot, the automobile driven by Mrs. Shoemaker was rear-ended by the automobile driven by defendant. Mrs. Shoemaker testified that shortly before the collision, she was stopped on Akerman Road with her left turn indicator on, waiting for the traffic to clear before making the left turn into the school parking lot. She testified the collision occurred in the City of Kirby, Bexar County, Texas, and that as a result of the collision she suffered personal injuries as well as extensive damages to her automobile. Elizabeth Bienek, a school crossing guard, testified that she observed defendant's vehicle traveling at an excessive speed shortly before the collision and blew her warning whistle in an effort to cause him to slow down. According to the testimony of Morris Surface, the investigating officer, defendant told him that he did not realize he was in a school crossing zone, and when he heard the warning whistle given by the crossing guard, he looked around to find where the sound was coming from and when he looked back toward the road, he was unable to avoid striking plaintiffs' vehicle.

This being a venue suit, the record does not contain findings of fact and conclusions of law. In these circumstances it becomes our duty to affirm the judgment rendered by the trial court if there is any evidence to

support it on any theory authorized by law. *Bishop v. Bishop*, 359 S.W.2d 869, 871 (Tex. 1962); *Sanders v. Republic National Bank of Dallas*, 389 S.W.2d 551, 554 (Tex.Civ.App. —Tyler 1965, no writ). There is ample evidence to support the trial court's implied findings that defendant committed one or more of the negligent acts or omissions alleged in plaintiffs' petition. Defendant's second point is overruled.

Affirmed.