**Lloyd GREGORY, Jr., et ux, Appellants,**

v.

**Archie GRAY, Appellee.**

**No. B2511.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 11, 1981.

Joel B. Coolidge, Michael D. Stewart, Urban & Coolidge, Houston, Marion R. (Bob) Goodwin, Goodwin & Macha, Bellville, for appellants.

Ralph K. Miller, Miller, Gann, Fried & Edwards, Houston, for appellee.

Before COULSON, MILLER and MURPHY, JJ.

MURPHY, Justice.

This is a plea of privilege case. Defendants, Dr. Lloyd J. Gregory and wife, Caroline K. Gregory (Gregory) appeal from an interlocutory judgment entered by the trial court in favor of Plaintiff Archie Gray (Gray).

This suit was originally filed on August 4, 1970 where Gray sought specific performance of an alleged contract to sell land wherein Gray was the purchaser and Gregory was the seller. On August 14, 1970 defendants filed a plea of privilege alleging their residency to be in Harris County and urging that the suit be transferred to said county. Plaintiff, on August 24, 1980 filed a controverting plea alleging Section 5 of Tex.Rev.Civ.Stat.Ann. art. 1995 established an exception to defendants' plea and therefore the suit was properly filed in Austin County.

On April 2, 1980 defendants filed a motion to strike plaintiff's controverting affidavit, alleging the plaintiff had abandoned his controverting plea by reason of unexcuseable delay in waiting nine years and seven months in asking for a hearing on defendants' plea.

A hearing was held on the motion to strike on May 6, 1980. At this proceeding, it was contended that the main reason for the delay was a result of defendants' attorney being involved in a separate suit in Houston involving extensive litigation. The trial judge overruled the motion to strike and thereafter overruled the plea of privilege by order signed June 16, 1980.

Tex.R.Civ.P. 87 (1978) contemplates prompt disposal of venue questions by the trial judge. *Hargrove v. Koepke,* 320 S.W.2d 53 (Tex.Civ.App.—San Antonio, 1959, no writ). As stated in Rule 87, "the court shall promptly hear such plea of privilege and enter judgment thereon." The trial judge, in determining if a party has abandoned his controverting affidavit to a plea of privilege should take into account the facts and circumstances surrounding the delay.

If "the delay was not excused and diligence was not proved the trial judge should hold that the party has abandoned his controverting affidavit and the suit should be transferred to the county requested in the plea of privilege." *Hargrove v. Koepke,* at pages 54 and 55.

In examining the record we find no justifiable excuse for the long delay in this case, nor do we find there existed sufficient diligence to overcome this conclusion. Accordingly, we hold the trial judge erred and abused his discretion in overruling defendants' motion to strike plaintiff's controverting affidavit and therefore erred in overruling defendants' plea of privilege.

The judgment is reversed and the cause remanded with instruction that the cause be transferred from Austin County to Harris County.