**John W. HANEY, Petitioner,**

v.

**FENLEY, BATE, DEATON AND PORTER, Respondents.**

No. B–9660.

Supreme Court of Texas.

March 11, 1981.

E. M. Schulze, Jr., Huntsville, for petitioner.

Gregg Owens, Lufkin, for respondent.

PER CURIAM.

This is a venue action. Suit for recovery of attorney's fees was brought by Fenley et al., a law partnership, against John Haney and Craig O. Canon, as a partnership and as individuals. Haney filed a plea of privilege to be sued in Walker County. Fenley et al., in their controverting plea, alleged that suit was maintainable in Angelina County against the partnership under Tex.Rev.Civ. Stat.Ann. art. 1995, § 23. The trial court overruled Haney's plea of privilege, and the Court of Civil Appeals affirmed. 612 S.W.2d 208.

Article 1995, Subdivision 23 provides, in pertinent part:

"Suits against a[n] ... association ... may be brought ... in the county in which the cause of action or part thereof arose...."

The Court of Civil Appeals, relying on *Hudgens v. Bain Equipment & Tube Sales, Inc.,* 459 S.W.2d 873 (Tex.Civ.App.—Corpus Christi 1970, no writ), held that a partnership is an "association" for venue purposes under Subdivision 23.

We agree. The two conflicting cases, *Bubble Up Bottling Co. v. Lewis,* 163 S.W.2d 875 (Tex.Civ.App.—Eastland 1942, no writ) and *Heid Bros. v. Mueller-Huber Grain Co.,* 185 S.W.2d 470 (Tex.Civ.App.— El Paso 1944, no writ), were decided when a partnership was considered to be an aggregate of individuals acting under a contract—the aggregate theory of partnership. However, after the adoption of the Texas Uniform Partnership Act, Tex.Rev.Civ.Stat. Ann. art. 6132b, effective January 1, 1962, a partnership was recognized as an entity legally distinct from its partners for most purposes. *See* Bromberg, *Commentary on the Texas Uniform Partnership Act,* 17 Tex. Rev.Civ.Stat.Ann. 300 (Vernon 1970). The entity theory of partnership is consistent with other laws permitting suit in the partnership name and service on one partner. Tex.Rev.Civ.Stat.Ann. arts. 2223 and 2033. We approve the holding of the Court of Civil Appeals that a partnership is an "association" for venue purposes under Subdivision 23. We disapprove *Bubble Up Bottling Co. v. Lewis, supra,* and *Heid Bros. v. Mueller-Huber Grain Co., supra.*

Pursuant to the authority conferred by Rule 483, Texas Rules of Civil Procedure, the application for writ of error is refused, no reversible error.