Donald M. JACOX, et al., Appellants,

v.

William J. COBB, et al., Appellees.

No. 12–82–0140–CV.

Court of Appeals of Texas, Tyler.

Oct. 13, 1983.

Timothy A. Watt, Wiley, Garwood, Stolhandske & Simmons, San Antonio, for appellants.

Sam B. Cobb, Jr., Tyler, Christopher J. Ewert, Dallas, for appellees.

SUMMERS, Chief Justice.

This is a venue case. William J. Cobb, Vernon Whyte, Orville Dyer, Daniel T. Bard, Sam B. Cobb, Jr., Trustee, Cape Drilling Company, and Cape Operating Company, Ltd. (plaintiffs) brought suit against Donald M. Jacox, Cynthia M. Jacox and Lazy Oaks Ranch, Ltd. (defendants) in Smith County, Texas, for alleged breaches of a limited partnership agreement, seeking an accounting, dissolution of the partnership and damages. The defendants filed pleas of privilege to be sued in Bandera County, Texas. Plaintiffs filed a controverting affidavit which incorporated and adopted by reference plaintiffs' First Original Petition and, in addition, specifically alleged Subdivisions 5, 23 and 29a of art. 1995.[1] The trial court determined that venue was proper in Smith County and overruled the defendants' pleas of privilege. Only defendants Donald M. Jacox and Cynthia M. Jacox have appealed from such order.

We affirm.

On July 7, 1980, the plaintiffs, William J. Cobb and Vernon Whyte, and defendants entered into a limited partnership agreement in which defendant, Donald M. Jacox, was the general partner, Cynthia M. Jacox was the successor general partner, and Cobb and Whyte were limited partners. The name of the partnership was Lazy Oaks Ranch, Ltd. The partnership was to engage in the acquisition, development and sale of undivided interests in properties acquired by the partnership. Paragraph C of the Certificate of Limited Partnership and paragraph 2.1 of the Articles of Limited Partnership stated that "the principal office and place of business of the partnership shall be located in Tyler, Smith County, Texas, but that additional places of business may be located and conducted in locations

---

1. This and all other statutory references are to Texas Revised Civil Statutes Annotated.

as may be selected from time-to-time by the general partner." Further, the Articles of Limited Partnership, paragraph 7.1, stated that "the general partner would be responsible for managing the books and records of the partnership and that said books and records should be kept at the offices of a firm of a certified public accountant acceptable to the limited partners, located in the city of Tyler, Texas."

Pursuant to the partnership agreement, approximately 500 acres was acquired in Bandera County, which was called the Lazy Oaks Ranch. Plaintiffs, Orville Dyer, Cape Drilling Company, Cape Operating Company, Ltd., and Sam Cobb, Jr., Trustee, eventually acquired limited partnership interest; however, no formal recognition of these particular plaintiffs, as limited partners, was ever given.

It is well established that in a venue case a controverting plea to a plea of privilege must set forth specifically the grounds on which the plaintiff seeks to maintain venue. Tex.R.Civ.P. 86. However, where the controverting plea contains sufficient allegations within itself, or by appropriate reference to a pleaded cause of action, the rule is satisfied. Tex.R.Civ.P. 58; *Malone v. Shoemaker,* 597 S.W.2d 473, 476 (Tex.Civ.App.—Tyler 1980, no writ). Where plaintiffs' petition is incorporated into the controverting plea by reference, the reference must be sufficient to show that the party intended to swear to the truth of the matters alleged in the petition. *Id.* To satisfy Rule 58 it is necessary that the controverting plea unmistakably alleges that the party who swore to such plea made the petition a part thereof and thereby swore to the essential facts embodied in the petition. *Malone v. Shoemaker, supra; H.E. Butt Grocery Company v. Vaught,* 413 S.W.2d 940 (Tex.Civ.App.—San Antonio 1967, writ dism'd), citing *A.H. Belo Corporation v. Blanton,* 133 Tex. 391, 129 S.W.2d 619 (1939).

Although plaintiffs' controverting affidavit failed to specify Subdivision 4 of art. 1995 as a subdivision relied upon to maintain venue, we feel that there are sufficient allegations made, both in the controverting plea and in the incorporated amended petition, to justify consideration of said subdivision on appeal. The record before us does not contain findings of fact or conclusions of law. We must, therefore, affirm the judgment rendered by the trial court if there is any evidence to support it on any theory authorized by law. *Bishop v. Bishop,* 359 S.W.2d 869, 871 (Tex.1962).

A review of the record shows that venue is properly based on Subdivision 4 of art. 1995, which provides in part as follows:

Defendants in different counties. If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides....

To sustain venue under Subdivision 4 the plaintiff is required to show that: (1) one defendant resides in the county of suit, (2) the party asserting his privilege is at least a proper party to the claim against the resident defendant, and (3) the plaintiff has a bona fide claim against the resident defendant. *Royal v. Moore,* 580 S.W.2d 159 (Tex. Civ.App.—Houston [1st Dist.] 1979, no writ); *O.P. Leonard Trust v. Hare,* 305 S.W.2d 833 (Tex.Civ.App.—Texarkana 1957, err. dism'd).

Effective January 1, 1962, Texas adopted the Uniform Partnership Act. Art. 6132b § 6(1) defines a partnership as "an *association* of two or more persons to carry on as co-owners of a business for profit (emphasis added)." Prior to the effective date of the Texas Uniform Partnership Act, a partnership was considered to be an aggregate of individuals acting under a contract. As such, when suit was brought against the partnership, the residence of the individual partners determined where suit would properly lie. *Haney v. Fenley, Bate, Deaton & Porter,* 618 S.W.2d 541, 542 (Tex. 1981). After the adoption of the Texas Uniform Partnership Act, a partnership was recognized as an entity legally distinct from its partners. *Haney v. Fenley, Bate, Deaton & Porter, supra.*

The Supreme Court in *Haney* stated that the "legal entity" theory of partnership is consistent with other laws permitting suit in the partnership name and service on one partner, expressly holding, that the partnership is an association for venue purposes under Subdivision 23. Applying the "legal entity" theory to the facts of the instant case, it becomes apparent that defendant Lazy Oaks Ranch, Ltd., had a residence of its own located in Smith County, Texas. We are aware of some Court of Civil Appeals cases which have indicated that the residence of the individual partners control for venue purposes. However, we conclude that the Texas Supreme Court's holding in *Haney,* although applying to Subdivision 23 of art. 1995, is equally applicable to Subdivision 4 of said article. Therefore, the first requirement for finding venue based on Subdivision 4 of art. 1995, that one defendant be a resident of the county where suit is brought, is satisfied.

 We next consider whether defendants, Donald M. Jacox and Cynthia M. Jacox, are proper parties to this suit. Plaintiffs' pleadings must show a cause of action against the nonresident defendants which connects them in the controversy between the plaintiffs and the resident defendant. *Willis v. Contreras,* 508 S.W.2d 110 (Tex. Civ.App.—Houston [1st Dist.] 1974, no writ); 1 R. McDonald, Texas Civil Practice § 4.10.2 p. 350 (1981). The record reflects that plaintiffs have a cause of action against the partnership itself for an accounting, recognition of limited partnership status and dissolution. Intertwined with that cause of action is plaintiffs' cause of action against Donald M. Jacox and Cynthia M. Jacox for a breach of the partnership contract and breach of fiduciary duties. We find that the cause of action against Donald M. Jacox and Cynthia M. Jacox arises out of and is intimately connected with the cause of action against Lazy Oaks Ranch, Ltd. Therefore, we conclude that Donald M. Jacox and Cynthia M. Jacox are proper parties to plaintiffs' suit against Lazy Oaks Ranch, Ltd.

The record further reflects that plaintiffs have satisfied the third requirement under Subdivision 4, establishing by a preponderance of the evidence a bona fide cause of action against the resident defendant, Lazy Oaks Ranch, Ltd.

We accordingly affirm the trial court's order overruling the pleas of privilege filed by the defendants, Donald M. Jacox and Cynthia M. Jacox.