**SEIDMAN & SEIDMAN, Appellant,**

v.

**Sol SCHWARTZ, et al., Appellees.**

**Nos. 04–82–00480–CV, 04–82–00481–CV.**

Court of Appeals of Texas,
San Antonio.

Jan. 25, 1984.

Rehearing Denied Feb. 29, 1984.

Robert B. Biechlin, Jr., F.W. Baker, Matthews & Branscomb, San Antonio, for appellant.

R. Jack Ayers, Jr., Dallas, Soloman Casseb, Jr., Casseb, Strong & Pearl, San Antonio, John O. Jones, Dallas, for appellees.

Before ESQUIVEL, BUTTS and TIJERINA, JJ.

## OPINION

ESQUIVEL, Justice.

This is a consolidated appeal from a plea of privilege hearing. Plaintiff/counter-defendant Seidman & Seidman (S & S), a national accounting partnership with a regional office in Houston, sued Sol Schwartz (Schwartz), a partner in S & S's San Antonio office, in Bexar County, alleging that Schwartz breached his fiduciary duty to the partnership by orchestrating a wholesale walkout of S & S employees, and the initiation of a new accounting firm utilizing said employees. The petition also alleged that Schwartz purloined trade secrets, destroyed S & S's goodwill, and tampered with S & S's clientele (a violation of rules promulgated by the Texas State Board of Public Accountancy). By its suit, S & S sought a temporary restraining order, a show cause hearing, a temporary injunction, trial, a permanent injunction, damages and interest, and court costs. The petition was filed in October of 1980.

In September of 1981, Schwartz filed a counterclaim against the partnership, and four of S & S's partners individually (third party defendants), alleging conspiracy to impugn his reputation, defamation, slander, libel, and violation of the partnership agreement. Schwartz sought five million dollars actual damages, ten million dollars punitive damages, dissolution of the partnership, costs, and attorney's fees.

S & S filed a plea of privilege, as did three of the partners sued individually, to defend Schwartz's allegations in Harris County, and one partner filed a plea of privilege to be sued in Travis County.

After extensive procedural wrangling between the parties, and motions for continuance on both sides, a hearing on the pleas was finally held on February 18, 1982. The pertinent events of the hearing are as follows: (1) S & S requested a continuance based on their inability to locate 50–60 witnesses Schwartz said he was going to call,

such names being revealed to S & S on January 14, 1982; (2) Schwartz announced ready for trial; (3) immediately thereafter, S & S moved to strike Schwartz's controverting pleas as the burden was on him, according to Bexar County District Court Rule II–F, to secure a hearing on the pleas of privilege seven days before trial. S & S alleged that since Schwartz had failed to do this, his controverting affidavits should be stricken and the cases transferred as a plea of privilege is *prima facie* proof of a defendant's right to be sued in the county of his residence.

The court granted the motions of the third party defendants from the bench, and ordered the cases against the third party defendants transferred to Harris and Travis counties. The motion was denied as to S & S. On Monday, the 21st of February, Schwartz's lead counsel, who was not at the Friday hearing, filed a motion denominated as "DEFENDANT AND COUNTER–PLAINTIFF'S MOTION FOR RECONSIDERATION, CLARIFICATION AND FOR OTHER RELIEF." The motion was heard by the court, with both sides given the opportunity to reargue their positions. The result of the hearing was a declaration of mistrial on the court's own motion. The cause was reset for trial on August 2, 1982. On June 28, 1982, Schwartz's motion to set and determine venue issues was heard. The result of this hearing was the same as that rendered by the court at the February 18th hearing; namely, the plea of privilege of the partnership was overruled, and the pleas of the third party defendants were sustained. It is from this final hearing that both parties appeal. S & S chose to limit its appeal to the denial of its plea of privilege. Schwartz appeals from the granting of the pleas of the individual partners.

■ Two concepts guide this court in the determination of this issue. The first is that when an action is tried to the court, and no findings of fact or conclusions of law are filed or requested, the judgment implies all necessary fact findings in support of it. *Renfro Drug Co. v. Lewis,* 149

Tex. 507, 513, 235 S.W.2d 609, 613 (1965). This Court must uphold the judgment on any legal theory that finds support in the evidence. *Seaman v. Seaman,* 425 S.W.2d 339, 341 (Tex.1968); *cf. Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978). Further, in determining whether there is any evidence to support the judgment and the implied findings of fact, this Court may consider only the evidence favorable to the judgment and must disregard all evidence which is contradictory in nature. *Carter v. William Sommerville & Son, Inc.,* 584 S.W.2d 274, 276 (Tex.1979); *Renfro, supra,* 149 Tex. at 513, 235 S.W.2d 613. The second principle is that on an appeal from an order overruling a plea of privilege, here S & S's, every reasonable intendment must be resolved in favor of the trial court's judgment. *James v. Drye,* 159 Tex. 321, 327, 320 S.W.2d 319, 323 (1959); TEX. R.CIV.P. 86.

■ We will first address the contentions of S & S as regards the denial of its plea of privilege.

S & S contends that Schwartz waived his controverting affidavit as a matter of law because he failed to obtain a hearing on the plea of privilege prior to trial. Since 1917, a plea of privilege has constituted *prima facie* proof of a defendant's right to a change of venue. *Craig v. Pittman & Harrison Co.,* 250 S.W. 667, 670 (Tex.Com. App.1923, opinion adopted). The practice after that change required that the plaintiff controvert the plea, and further put the burden of securing a hearing on the plea on the plaintiff. *Gregory v. Gray,* 612 S.W.2d 658, 659 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ); *Wheeler v. Keels,* 584 S.W.2d 574, 576 (Tex.Civ.App.—Beaumont 1979, no writ); *Hargrove v. Koepke,* 320 S.W.2d 53, 54 Tex.Civ.App.—San Antonio 1959, no writ). S & S claims that Schwartz, by announcing ready for trial at the February 18, 1982 date, before securing a hearing on the pleas of privilege filed by S & S and the four individual partners, waived his controverting plea. S & S cites us to a local district court rule that requires all dilatory pleas be heard at least seven days before trial or they will be considered waived. *See* RULES OF THE DISTRICT COURTS OF BEXAR COUNTY, TEXAS, Rule II–F (available from the Bexar County Court Coordinator's Office, 2d Floor, Bexar County Courthouse, San Antonio, Texas, 78205). S & S correctly points out that a plea of privilege is a dilatory plea as contemplated by the rule. We do not, however, reach the issue of waiver.

Nothing in the record suggests that the pleas of privilege of the individual partners were granted on the basis of a waiver of a controverting affidavit by Schwartz. In the absence of findings of fact and conclusions of law or a request therefore, we must uphold the judgment on any legal theory that finds support in the evidence. *Seaman v. Seaman,* 425 S.W.2d 339, 341 (Tex.1968). In an appeal from an order overruling a plea of privilege, every reasonable intendment must be resolved in favor of the trial court's judgment. *James v. Drye,* 159 Tex. 321, 327, 320 S.W.2d 319, 323 (1959); TEX.R.CIV.P. 86. The argument of both S & S and Schwartz as regards S & S's plea of privilege revolved around whether the counter-claim arose out of or was incidental to the plaintiff's original cause of action. *See* 1 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 4.40 (rev. 1981).

It is entirely reasonable to conclude that the trial court was unpersuaded by S & S's argument that Schwartz waived his controverting affidavit, and instead denied the partnership's plea of privilege on the ground that the partnership had submitted itself to venue by suing Schwartz in Bexar County, and that Schwartz's counter-claim arose out of or was incidental to S & S's original cause of action. In a case such as this, in the absence of findings or conclusions, the judgment implies all necessary fact findings in support of it. *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 513, 235 S.W.2d 609, 613 (1965). In determining whether there is any evidence to support the judgment and implied findings of fact,

this Court may consider only the evidence favorable to the judgment and must disregard all evidence which is contradictory in nature. *Carter v. William Sommerville & Son, Inc.,* 584 S.W.2d 274, 276 (Tex. 1979). Appellant S & S's point of error is overruled.

We now address the points of error that Schwartz presents in this appeal.

In point of error one, Schwartz contends that the trial court erred in sustaining the pleas of privilege of the four individual partners against whom he filed his counter-claim, for the reason that the third party defendants waived their pleas of privilege as a matter of law. He contends the waiver occurred because S & S and the third party defendants had requested three continuances in a month and one-half time period. In reviewing the record, we cannot conclude that the verified motions evidenced an intent to abandon or waive their pleas. The first two continuances related to the fact that the lead counsel's son passed away unexpectedly on the eve of trial. We cannot say that the request for more time at counsel's time of bereavement abandoned the pleas. The final request for continuance was predicated on the fact that the defendant revealed the names of sixty (60) potential fact witnesses the plaintiff wished to depose before proceeding further. The names were not revealed until January 14th, and the trial was set for January 18th. Although the 18th was passed due to the death of counsel's son and reset to February 16th, plaintiff still was unable to depose all the witnesses.

Again, in the absence of findings of fact and conclusions of law, or a request therefore, the judgment implies all necessary fact findings supporting it. *Renfro, supra,* 149 Tex. at 513, 235 S.W.2d at 613. We must uphold the judgment on any legal theory that finds support in the evidence. *Seaman, supra* at 341. The most obvious reason for granting the pleas is that the trial court determined that Schwartz had not carried his burden of proof in controverting the plea. We overrule Schwartz's point of error one.

In point of error two, Schwartz argues that the third party defendants were bound by S & S's original choice of forum and it was, therefore, error to sustain their pleas of privilege. Schwartz bases his claim on the theory that the real parties in interest in his counter-claim were the partners of S & S. Schwartz cites us to two cases which were expressly overruled by the Texas Supreme Court in *Haney v. Fenley, Bate, Deaton & Porter,* 618 S.W.2d 541, 542 (Tex.1981) (per curiam). The cases cited by Schwartz, *Heid Brothers v. Mueller-Huber Grain Co.,* 185 S.W.2d 470 (Tex. Civ.App.—El Paso 1944, no writ), and *Bubble Up Bottling Co. v. Lewis,* 163 S.W.2d 875 (Tex.Civ.App.—Eastland 1942, no writ), were both decided before the enactment of TEX.REV.CIV.STAT.ANN. art. 6132b (Vernon 1970) (Texas Uniform Partnership Act). The effect of the Act was to recognize a partnership "as an entity legally distinct from its partners for most purposes." *Haney, supra* at 542 (citing Bromberg, *Commentary on the Texas Uniform Partnership Act,* 17 TEX.REV.CIV.STAT. ANN. 299, 300 (Vernon 1970). One such purpose is the definition of rights in partnership property. Under the Act, the rights of the individual partners in specific partnership property is subordinate to the right of ownership of the partnership itself. The individual partner is merely a co-owner of specific property and is regarded a tenant in partnership. TEX.REV.CIV.STAT. ANN. art. 6132b, § 25(1) (Vernon 1970).

Under the entity theory of partnership as adopted in article 6132b, *supra,* it follows that S & S owned the cause of action against Schwartz. The ownership rights of the individual partners/third party defendants in the cause of action, if any, were subordinate to that of the partnership. The partnership's action in instituting suit against Schwartz in Bexar County in no way abrogated the venue rights of the individual partners sued as third party defendants in their individual capacities. Schwartz's point of error two is overruled.

In point three, Schwartz contends it was error for the court to sustain the pleas

of the third party defendants without an evidentiary hearing. Schwartz cites Rule 87, Texas Rules of Civil Procedure, and two cases. Nowhere in his brief does Schwartz cite us to an authority that states an evidentiary hearing on a plea of privilege is required. It is to be remembered that the court had heard all of the evidence on the venue issues on February 18th, and 21st. We find there was no error in the manner in which the pleas of privilege of the third party defendants were sustained. Schwartz's point of error three is overruled.

Accordingly, this Court having found no reversible error, the judgment of the trial court is in all things affirmed.